Maria J. ESTRAN, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 83–1874.

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1984.

Vernon Lewis, Staff Atty., West Texas Legal Services, San Angelo, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Mark D. McBride, Asst. U.S. Atty., Lubbock, Tex.,

Joseph S. Friedman, Atty., Dept. of Health & Human Services, Baltimore, Md., for defendant-appellee.

ON PETITION FOR REHEARING

(Unpublished Opinion—June 22, 1984)

Before RUBIN, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:

On application for rehearing, we conclude that the Administrative Law Judge applied the wrong standard in determining whether Mrs. Estran's ailments constitute severe impairments. Accordingly, we grant rehearing, set aside our prior decision, 736 F.2d 1525 (5th Cir.1984) and remand the case for further proceedings in accordance with the proper legal standard.

As set forth in our prior unpublished opinion, Maria Estran is fifty-eight years old. She is illiterate in both English and Spanish, and her IQ is 69 or less. She suffers from depressive neurosis, a somatization disorder, hypertrophic arthritis, and some angina. She also complains of back aches, abdominal pains and dizzy spells. She last worked in 1974.

The ALJ found that Mrs. Estran's impairments were "non-severe", using 20 C.F.R. § 416.921(a) (1982) as the applicable standard. That section provides:

> (a) *Non-severe impairment:* An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities.

This definition must be read in light of the earlier regulations defining severe impairment adopted in 1968, for, as explained by the Secretary in the Federal Register, the new terminology was intended solely to clarify, not to change, the definition of "severe impairment." The change in language was not accompanied by "an intention to alter the levels of severity for a finding of disabled or not disabled." 43

Fed.Reg. 55357–55358. In the 1968 regulations, non-severe impairment is described as, "... a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of abnormalities." 20 C.F.R. § 404.1502(a) (1968).

Two recent cases from other circuits reinforce our interpretation that the regulations consider a "slight" neurosis and other "slight" abnormalities sufficiently limiting to make them a severe impairment. In *Chico v. Schweiker*,[1] the claimant was a fifty-seven year old Puerto Rican with a third grade education. He was illiterate in English, and had only a very limited literacy in Spanish. His application for disability benefits was based on bronchial asthma, angina pectoris, and another undescribed heart condition. A final decision of the Secretary denied Chico's application on the ground that his medical impairments were not severe, in that they did not significantly limit his physical or mental ability to do basic work activities. This decision was upheld by both an ALJ and by the district court.

In reversing the order dismissing Chico's action, the court explained that, although the ALJ's decision conformed to the literal language of § 416.920(c) (and therefore to § 416.921(a)), the meaning of the words used was far less restrictive:

> The Secretary's preamble in the Federal Register reveals that the "severity" regulation ... was meant to clarify the 1968 regulation's terms "a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of slight abnormalities" but was not intended "to alter the levels of severity for a finding of ... ['] not disabled['] on the basis of medical considerations alone."

*Id.* at 954–55 n. 10.

This decision was followed by the Eleventh Circuit in *Brady v. Heckler*,[2] a case similar to *Estran*. Brady was a forty-seven year old man with a tenth grade educa-

tion who had worked as a drywall finisher and driver. He suffered from hypoglycemia, emphysema, pericarditis, dizzy spells, fainting and depression. An ALJ, applying the current definition of "severe impairment," determined that the medical evidence failed to establish that Brady had any impairment or combination of impairments that significantly affected his abilities to perform basic work-related functions. This decision was upheld by the district court.

The Eleventh Circuit reversed and remanded the case for further evaluation. Following *Chico*, the court held that "in defining a non-severe impairment under the 1968, 1978, and 1980 regulations, we must turn to the 1968 regulation's terms, 'a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of abnormalities.'"[3] Going further, the court held that, under this standard, "an impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."[4]

Neither the ALJ nor the district court referred to the 1968 standard. Concerned about this, we asked the Government to file a brief on whether the ALJ had indeed applied the proper standard. To focus the response, we asked:

(1) Did the ALJ apply the proper standard in determining that Ms. Estran suffered from a non-severe impairment? In answering this consider not only 20 C.F.R. § 416.921(a) (1982), but 20 C.F.R. § 404.1502(a) (1968) and the explanation by the Secretary of the change in language. 43 Fed.Reg. 55357–55358. See also 45 Fed.Reg. 55574.

(2) Was there substantial evidence that Ms. Estran suffered only from a non-

1. 710 F.2d 947 (2d Cir.1983).

2. 724 F.2d 914 (11th Cir.1984).

3. *Id.* at 919.

4. *Id.* at 920.

severe as distinguished from a severe impairment?  See *Chico v. Schweiker,* 710 F.2d 947 (2d Cir.1983).  *Brady v. Heckler,* 724 F.2d 914 (11th Cir. 1984).

The Government's reply neither answers these questions directly nor satisfies us that the ALJ applied the proper standard. It concedes, however, that, "the 1978 regulations are a clarification, not a change in the definition of severe impairment," and that, "the substance of the eligibility requirement has not changed."  The Government's only explanation for the change in the 1968 definition is that the 1978 amendment, "more aptly corresponds to the requirements of the Act by keying the medical severity question into meaningful vocational considerations."  *Id.*  The response concerning the sufficiency of the evidence does not consider the application of the proper standard.

For these reasons, we set aside our prior opinion affirming the district court and remand the case to it with instructions to remand the case to the Secretary for reconsideration of the facts in the light of the proper standard after considering such further evidence as may be offered by either the applicant or the Secretary.