Luevenia **DAVIS,** Plaintiff-Appellant,

v.

Margaret M. **HECKLER,** Secretary of Health and Human Services, Defendant-Appellee.

No. 84–1875
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 2, 1985.

Joselle M. Albracht, North Central Texas Legal Services Foundation, Inc., Dallas, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Mary Ann Moore, Asst. U.S. Atty., Dallas, Tex., for defendant-appellee.

Before GEE, JOHNSON and DAVIS Circuit Judges.

JOHNSON, Circuit Judge:

Claimant Luevenia Davis brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health and Human Services (the "Secretary"), denying an application for disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381. Because the administrative law judge applied the wrong legal standard in determining that Davis' impairments were not severe, *see Stone v. Heckler*, 752 F.2d 1099 (5th Cir.1985), we vacate the order of the district court and order a remand to the Secretary for reconsideration consistent with this opinion.

## I. BACKGROUND

Claimant Luevenia Davis is a 50-year old woman who, at the time of the administrative hearing, was 5 feet, 4 inches tall and weighed 226 pounds. She completed the eleventh grade and can read and write. She has done farm work, babysitting, and housework. She last worked for wages in 1970, doing light housework and babysitting. She feels that she became disabled in

1969 when she had a baby that was still-born. She stated at the administrative hearing that she quit working in 1970 in order to take care of her own health problems and of her mother, who was ill.

Davis' current application for disability benefits was filed on July 15, 1982, alleging disability due to several physical impairments. Davis has been represented by counsel at the administrative hearing and throughout the review process.

The ALJ, in denying Davis benefits, noted that her medical history reveals treatment for hypertension, exogenous obesity, thyroid dysfunction, and glaucoma. The ALJ also noted that the glaucoma in both eyes and her hypertension is not well controlled by her present medication. X-ray evidence indicated spinal impairments, as well as some degenerative changes involving the left thumb and wrist. A report by her physician, Dr. G.L. Kelso, stated that Davis was unable to work due to obesity, hypertension, edema, and arthropathy. A consultative examination performed by Dr. Jabez Galt concluded that Davis was suffering from severe hypertension, hypertensive heart disease, and degenerative osteoarthritis. Dr. Galt's report, however, also found full range of motion in all joints and no evidence of any loss of mobility, of poor coordination, or of extensive visual limitation.

Davis also complained of severe pain. Indeed, Davis stated at the hearing before the ALJ that she felt her most significant impairment was pain in her back. Davis also complained of other symptoms such as nausea, chest pain, pain in her eyes, and dizziness.

From the evidence presented at the hearing and through the medical reports, the ALJ concluded that Davis suffered from hypertension, diabetes mellitus, chronic simple glaucoma in both eyes, and osteoarthritis. However, the ALJ found that the medical evidence failed to establish that Davis was significantly limited by her impairments, either alone or in combination. Therefore, the ALJ found that these impairments were not "severe" in that none of the impairments "significantly limit[s] her ability to perform basic work-related functions." *See* 20 C.F.R. § 416.921 (defining nonsevere impairment as one that "does not significantly limit [the claimant's] physical or mental abilities to do basic work activities"). With regard to Davis' pain, the ALJ concluded:

There is no basis upon which to question the claimant's credibility regarding pain. However, allegations of pain must be supported by clinical and laboratory evidence of a condition which would cause such pain. In the absence of such evidence in this case, it is found that the claimant does not have unremitting pain of such severity as to preclude the performance of basic work related functions.

Finding that Davis' impairments were not severe and that Davis therefore was not disabled, the ALJ ruled that Davis was not eligible for supplemental security income under the Social Security Act. Davis then sought review by the Appeals Council. This request was denied, and the decision of the ALJ therefore became the final decision of the Secretary.

Davis then sought review in federal court. The district court concluded that the ALJ's findings were supported by substantial evidence and granted summary judgment for the Secretary. This appeal followed.

## II. THE MERITS

On appeal, Davis contends: (1) the Secretary's finding that Davis does not suffer from a severe impairment is not supported by substantial evidence; and (2) the Secretary's decision is erroneous because the Secretary's evaluation of Davis' pain is based on an improper legal standard.

### A. *The Finding of No Severe Impairment*

■ Judicial review of decisions by the Secretary denying disability benefits is statutorily limited to determining whether substantial evidence supports the Secretary's decision that the claimant is not dis-

abled. 42 U.S.C. § 405(g); *Epps v. Harris,* 624 F.2d 1267, 1269 (5th Cir.1980). However, this Court has vacated and remanded cases in which the ALJ's conclusion of non-severity·is based on an incorrect legal standard. *Barbara Davis v. Heckler,* 748 F.2d 293, 294 (5th Cir.1984).[1]

In determining whether a claimant is disabled, the Secretary, pursuant to statutory authority, has promulgated regulations that establish a five-step process to determine whether a claimant is disabled within the meaning of the statute. 20 C.F.R. § 416.920 (1984). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 416.920(b) (1984). Second, the claimant is automatically denied benefits if the asserted impairment is not "severe," without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 416.920(c) (1984). Third, if the asserted impairment is severe, the claimant is per se disabled if his impairment meets or equals an impairment described in 20 C.F.R. 404, Subpart P, Appendix 1 (1984). 20 C.F.R. § 416.920(d) (1984). Fourth, a claimant with a severe impairment that is not per se disabling is denied benefits if he is capable of doing past relevant work. 20 C.F.R. § 416.920(e) (1984). Fifth, a claimant who cannot return to past relevant work is denied benefits if he can engage in work available in the national economy. In this step, the claimant's residual functional capacity, age, education, and work experience are considered. 20 C.F.R. § 416.920(f) (1984). A claimant who cannot return to work and who cannot engage in other work is disabled.

The ALJ's decision, adopted by the Secretary, eliminated Davis' claim at Step 2 in that it found that her impairments were not "severe." The definition of "severe" employed by the ALJ and adopted by the Secretary in the instant case rests on current regulations stating that an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental abilities to do basic work activities." 20 C.F.R. § 416.921(a) (1984).

This Court has had a number of cases in recent months in which the administrative determination was made against the claimant at Step 2 on grounds of nonseverity. *See Stone v. Heckler,* 752 F.2d at 1101; *Martin v. Heckler,* 748 F.2d 1027 (5th Cir. 1984); *Barbara Davis,* 748 F.2d at 296; *Estran v. Heckler,* 745 F.2d 340 (5th Cir. 1984). In *Estran,* this Court stated that the current definition of a nonsevere impairment

> must be read in light of the earlier regulations defining severe impairment adopted in 1968, for, as explained by the Secretary in the Federal Register, the new terminology was intended solely to clarify, not to change, the definition of "severe impairment." The change in language was not accompanied by "an intention to alter the levels of severity for a finding of disabled or not disabled." 43 Fed.Reg. 55357–55358. In the 1968 regulations, non-severe impairment is described as, "... *a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination*

---

**1.** Davis sought supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381. Title XVI provides for supplemental security income for the disabled. Title II of the Social Security Act provides for federal disability insurance benefits. The relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See Davis v. Heckler,* 748 F.2d 293, 294 n. 2 (5th Cir.1984).

The statute states that a person is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Further, "an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 1382c(a)(3)(B).

*of abnormalities."* 20 C.F.R. § 404.-1502(a) (1968).

*Estran,* 745 F.2d at 340–41 (emphasis added). This Court in *Estran* held that the Secretary had applied the wrong legal standard in determining severity when the ALJ's opinion only used the definition contained in the current regulations. Rather, the Court in *Estran* stated that the current regulation defining nonseverity must be read in light of the 1968 definition and therefore construed the current regulation as setting the following standard in determining whether a claimant's impairment is severe: "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Estran,* 745 F.2d at 341 (quoting *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984)). *See also Stone,* 752 F.2d at 1101. In *Estran,* the case was remanded to the Secretary for reconsideration of the facts in light of this standard derived from the 1968 definition.

In *Stone,* an even more recent case, this Court extensively discussed *Estran* in light of new arguments by the Secretary and recent amendments to the Social Security Act.[2] The Court upheld Estran and concluded:

> In view of both the Secretary's position in this case and our recent experience with cases where the disposition has been on the basis of nonseverity, we will in the future assume that the ALJ and Appeals Council have applied an incor-

rect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used. Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.

*Stone,* 752 F.2d at 1106.

■ In the instant case, neither the ALJ nor the Secretary referred to the "slight abnormality" standard of the 1968 regulations. Under the clear command of *Stone,* therefore, "the claim must be remanded to the Secretary for reconsideration." *Id.* On such reconsideration, the Secretary should reconsider "the facts in the light of the proper standard" of the 1968 regulation defining severity as stated in *Estran. Id.*

**B.  *Evaluation of Pain***

■ Davis also asserts that the ALJ's evaluation of pain is inconsistent with the law of this Circuit in that the ALJ required that Davis' complaints of pain be established by clinical and objective evidence.[3] While it is true that this Court has noted that it is "well established that pain alone can be disabling, even when its existence is unsupported by objective evidence," *Dorsey v. Heckler,* 702 F.2d 597, 603 (5th Cir. 1983), recent amendments under the Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794, 1799 (1984), enacted since the ALJ's opinion, have set statutory guidelines for the evaluation of pain.[4] Although the Secretary contends on

---

**2.** One concern of the Court in this area is that a person with significant physical impairments may be denied benefits on the basis of medical evidence alone without consideration of the claimant's ability to work in the national economy. As the Court in *Stone* noted:

> The Secretary has construed section 423(d) so that she may deny disability benefits to persons who are unable to engage in substantial gainful activity. Under her reading of the statute, she has the discretion to deny disability benefits to persons who do not have a physical or mental impairment that is "severe" under *her definition of the term.* This determination is made without regard to the

individual's ability to perform substantial gainful activity.

*Stone,* 752 F.2d at 1104 (footnotes omitted) (emphasis original).

**3.** As noted above, the ALJ stated that Davis' pain would not be considered severe in the absence of clinical and laboratory evidence of a condition which would cause such pain.

**4.** Section 3(a)(1) of the amendments provides:
Section 223(d)(5) of the Social Security Act is amended by inserting after the first sentence the following new sentences: "An individual's statement as to pain or other symptoms shall

this appeal that the amendments ratify existing administration policy regarding the evaluation of pain and that the evaluation by the ALJ in the instant case therefore is correct, we need not determine whether the ALJ's evaluation was correct under the recent amendments, given the earlier conclusion that the ALJ and the Secretary employed the improper standard in evaluating the severity of Davis' impairments.[5] Rather, the ALJ and the Secretary on remand should evaluate Davis' complaints of pain in light of the 1984 amendments.[6]

## III.  CONCLUSION

Since the wrong standard was used in evaluating the severity of Davis' impairments, the judgment of the district court is vacated and the case is remanded to that court with instructions to remand the case to the Secretary for reconsideration of the facts in light of the proper standard stated in this Court's opinions in *Estran* and *Stone*, after considering any further evidence as may be offered by either the claimant or the Secretary.

### VACATED AND REMANDED.

not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability.  Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability."

The new standard applies to determinations made prior to January 1, 1987.  The amendment applies to disability determinations under Title XVI of the Social Security Act.  Pub.L. No. 98–460, 98 Stat. 1794, 1799 § 3(a)(2) (1984).

5.  Moreover, courts have noted that some administrative adjudicators have misinterpreted the previously existing social security rules and regulations on the evaluation of pain which (the Secretary contends) the amendments sought to ratify.  These adjudicators have erroneously denied benefits in such cases.  *See Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984) (case interpreting 1984 amendments).

6.  We, of course, express no comment on the outcome of the issue of Davis' status under the Social Security Act.  However, on remand, the ALJ may wish to make its findings on the issue of Davis' pain more explicit.  While the ALJ noted that it had no basis to question the credibility of Davis' complaints regarding pain, the ALJ stated that such pain would not be considered severe unless clinical and laboratory evidence showed a condition which would cause such pain.  Although at least one purpose of requiring objective laboratory evidence is to test the claimant's credibility, *see Cook v. Heckler,* 750 F.2d 391, 393–94 (5th Cir.1985), the ALJ in the instant case noted that it had no basis to question Davis' credibility.  Further, it at least seems possible that the impairments found by the ALJ (e.g. osteoarthritis) are conditions which would cause the pain alleged by Davis.