Oscar L. SEWELL, Jr., Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellee.

No. 84–1855

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 27, 1985.

Nancy Taylor Lynn, Euless, Tex., Vernon Lewis, San Angelo, Tex., for plaintiff-appellant.

James A. Rolfe, U.S. Atty., Howard A. Borg, Asst. U.S. Atty., Fort Worth, Tex., William D. Woodward, Thomas Stanton, Karen J. Behner, Dallas, Tex., for defendant-appellee.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Oscar L. Sewell brought this suit in federal district court to obtain judicial review of a final decision of the Secretary of Health and

Human Services ("Secretary") denying his application for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1381. Because we conclude that the Secretary's decision was premised upon the application of an incorrect legal standard, we vacate the order of the district court and order a remand to the Secretary for reconsideration consistent with this opinion.

## I.

Claimant Oscar L. Sewell is a 61-year-old man with a third-grade education. He is functionally illiterate and relies upon television and radio broadcasts for news and information. Sewell's previous work includes employment as a loading machine operator at a cement and lime products company and as an operator of a food container filling machine. In his application for disability benefits for the period September 1980 through August 20, 1982,[1] claimant alleged that he could no longer work because of heart disease and arthritis in his neck and back.

Sewell's application was denied administratively, both initially and after reconsideration. Claimant thereafter requested, and was granted, a de novo hearing before an administrative law judge (ALJ). Following the hearing, the ALJ concluded that Sewell was not disabled within the meaning of the Social Security Act and denied disability benefits. On August 20, 1982, the Appeals Council affirmed the decision of the ALJ; the ALJ's decision thus became the final decision of the Secretary. Claimant's instant suit in the district court followed.

The district court concluded that there was substantial evidence of record to support the Secretary's decision and therefore granted the Secretary's motion for summary judgment. Sewell appeals.

## II.

In his decision denying benefits, the ALJ noted that Sewell had the following impairments: "aortic insufficiency murmur possibly secondary to Marfan's syndrome, but of no obvious hemodynamic significance and a slight ventilatory restriction with arterial blood gas studies essentially normal." Record Vol. 2 at 14. The ALJ also noted the results of a consulative cardiological examination performed by Dr. Joseph Laborde, Jr., indicating that Sewell's chest x-ray revealed "a normal cardiac silhouette with what appears to be emphysema." *Id.* at 12. An examination by Dr. Herbert G. Rush, a psychiatrist, indicated that claimant had a mild restriction of his ability to respond to customary work pressures, perform complex tasks, and perform varied tasks. Dr. Rush further opined that Sewell had a mild degree of restriction of daily activities, deterioration in personal habits, and constriction of interests.

At the time of the hearing Sewell was 57 years of age, stood 6 feet, 3 inches tall and weighed 132 pounds. Sewell complained of stiffness in his back and shoulders, poor circulation, nervous tension, sleeplessness, and dizziness. He also related complaints of frequent shortness of breath and coughing. Claimant further stated that he could not sweat because of having been sandblasted in the past.

In his findings, the ALJ stated, *inter alia,*:

> Although the claimant has complained of shortness of breath, weakness, and pain, there is [sic] *no objective medical findings to support his contention of severity.*

Record Vol. 2 at 14 (emphasis added).

On appeal, claimant contends that substantial evidence does not support the Secretary's decision because the ALJ applied the wrong standard in determining that his impairments were not severe. In support of this argument, Sewell points to the inconsistencies between the severity regula-

---

**1.** In his brief on appeal, Sewell notes that he was found disabled effective August 21, 1982, and that he is challenging the Secretary's finding that he was not disabled *before* August 21, 1982.

tions, 20 C.F.R. §§ 404.1520(c), 416.920(c) (1984), and the statute, 42 U.S.C. § 423(d)(2)(A).

Our review is limited to a determination of whether there is substantial evidence in the entire record to support the fact findings or decision of the Secretary. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir.1983). This Court has, however, vacated and remanded cases in which the ALJ's finding of nonseverity is premised upon an incorrect legal standard. *See, e.g., Stone v. Heckler*, 752 F.2d 1099 (5th Cir.1985).

Title 42 of the United States Code authorizes the Secretary to establish rules and regulations governing the determination of disability claims. 42 U.S.C. §§ 405(a), 1383(d)(1). Pursuant to this authority, the Secretary established a five-step sequential procedure for determining whether a claimant is disabled.[2] 20 C.F.R. §§ 404.1520, 416.920 (1984). Under the existing regulations, if the claimant is found not to be disabled under any one of the sequential steps, the analysis ends, and the remaining steps of the analysis are not completed. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a) (1984).

In the instant case, the administrative determination against disability was made at step two of the sequential analysis on the grounds of nonseverity. In this step, the Secretary determines, solely on the basis of medical factors, whether the claimant has a "severe" impairment which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R.

§§ 404.1520(c), 416.920(c) (1984). The regulations specifically provide that at this second step the Secretary "will not consider [claimant's] age, education, and work experience." *Id.* In contrast, the Act provides that a claimant

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is *not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .*

42 U.S.C. § 423(d)(2)(A) (emphasis added).

This Court has recently addressed the conflict between the challenged regulations and the statute in a number of cases. *See [Luevenia] Davis v. Heckler*, 759 F.2d 432 (5th Cir.1985); *Stone*, 752 F.2d 1099; *[Barbara] Davis v. Heckler*, 748 F.2d 293 (5th Cir.1984); *Estran v. Heckler*, 745 F.2d 340 (5th Cir.1984). In *Estran*, this Court construed the current regulations as setting the following standard in determining whether a claimant's impairment is severe: " '[A]n impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.' " 745 F.2d at 341 (*quoting Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984)).[3] More recently, in *Stone*,

**2.** At the first step, the Secretary ascertains whether the claimant is presently working; if so, a finding of nondisability follows. 20 C.F.R. §§ 404.1520(b), 416.920(b) (1984). In the second step, the claimant is automatically denied benefits if the asserted impairment is not "severe," without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. §§ 404.1520(c), 416.920(c) (1984). Third, if the asserted impairment is severe, the claimant is *per se* disabled if his impairment meets or equals an impairment described in 20 C.F.R. § 404, Subpart P, Appendix 1 (1984). Fourth, a claimant with a severe impairment that is not *per se* disabling is denied benefits if he is capable of doing past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e) (1984). Finally, a claimant who cannot return

to past relevant work is denied benefits if he can engage in work available in the national economy. In this fifth step, the claimant's residual functional capacity, age, education, and work experience are considered. 20 C.F.R. §§ 404.1520(f), 416.920(f) (1984). A claimant who cannot return to his previous work and who cannot engage in other work is disabled.

**3.** The basis of the *Estran* Court's construction of the current regulations was premised upon the Court's conclusion that the current definition of a nonsevere impairment "must be read in light of the earlier regulations defining severe impairment adopted in 1968. . . . The change in language was not accompanied by 'an intention to alter the levels of severity for a finding of disabled or not disabled.' In the 1968 regulations,

we outlined a remedy applicable in cases in which there has been an administrative determination against disability on the basis of nonseverity:

> In view of both the Secretary's position in this case and our recent experience with cases where the disposition has been on the basis of nonseverity, we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used. Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.

752 F.2d at 1106.

In the instant case, the record indicates that the definition of "severe" employed by the ALJ and adopted by the Secretary relied on 20 C.F.R. §§ 404.1521(a), 416.921(a), which describe a nonsevere impairment as an impairment that "does not significantly limit [claimant's] physical or mental abilities to do basic work activities." The record does not reflect that the ALJ considered the severity of Sewell's impairments in light of the 1968 regulations nor did he articulate the nonseverity standard approved by this Court in *Stone* or cases cited therein.

### III.

Because the record indicates that the ALJ applied the wrong legal standard in determining that the disability claimant's impairments were not severe, we vacate the order of the district court dismissing Sewell's action and remand to the district court with instructions to remand the case to the Secretary for reconsideration of the facts in light of this Court's opinion in *Stone*.

VACATED AND REMANDED.

nonsevere impairment is described as, '... a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combi-

nation of abnormalities.'" 745 F.2d at 340–41 (citations omitted).