**Edward JASON, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–4802**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 5, 1985.

Bobbie Ross, Southwest L.A. Legal Services Society, Inc., Lake Charles, La., for plaintiff-appellant.

Thomas Stanton, Asst. Regional Atty., Dept. of Health & Human Services, William D. Woodward, Karen J. Behner, Asst. Regional Atty., Dallas, Tex., for defendant-appellee.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

PER CURIAM:

The appellant, Edward Jason, appeals the district court's order affirming the final decision of the Secretary of Health and Human Services (Secretary) denying his application for disability benefits. Because the administrative law judge (ALJ) applied the wrong legal standard in determining that Jason's impairments were not severe, the district court's order affirming the Secretary's decision is vacated and the district court is ordered to remand this case to the Secretary for further proceedings consistent with this opinion.

I

On January 20, 1981, Jason filed his initial application for disability benefits asserting that as of October 15, 1971, at the age of 25, he became disabled due to a nerve condition, stomach problems, headaches, and arthritis. Jason's request was denied initially, and upon reconsideration. After a de novo hearing before an ALJ, Jason's claim was again rejected. Jason appealed and the Appeals Council remanded the claim to the ALJ for a second hearing. The remand was necessary because, at the first hearing, the ALJ had failed to give proper notice that Jason's disability had to be established as of June 30, 1975. After rehearing, the ALJ again denied Jason's claim for disability benefits finding that "the claimant has failed to establish any 'severe' impairment on or before June 30, 1975, after which he did not have the requisite 'insured status.'" The decision of the ALJ was upheld by the Appeals Council on direct review, and after additional medical evidence had been submitted by Jason. The district court affirmed the Secretary's denial of disability benefits. Jason filed a timely notice of appeal, and the district court certified that Jason was entitled to proceed on appeal in forma pauperis and that the appeal was taken in good faith. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

II

In order to determine if a claimant is disabled, the Secretary undertakes a sequential analysis of the claimant's condition. 20 C.F.R. § 404.1520 (1984). If the claimant is found to be disabled or not disabled at any step in the evaluation, the remaining steps are not considered. 20 C.F.R. § 404.1520(a) (1984).

Initially, if the claimant is, at the time of the review, engaged in substantial gainful employment, the inquiry ceases and the claimant is determined not disabled. 20 C.F.R. § 404.1520(b) (1984). The second step requires the factfinder to decide whether a claimant's impairment is severe, irrespective of age, education, or work experience. If the claimant's impairment is determined to be nonsevere, the claimant is considered not disabled. 20 C.F.R. § 404.-1520(c) (1984). If the claimant's impairment is severe, meets the durational requirements of 42 U.S.C. § 423(d)(1)(A), and is listed in Appendix I or is determined to be the medical equivalent of a listed impairment, a finding of disabled is mandatory without additional inquiry. 20 C.F.R. § 404.1520(d) (1984). If the claimant's impairment is severe but is not listed in the Appendix, then the Secretary must determine what the claimant can do despite his or her limitations. This is known as determining the claimant's "residual functional capacity." 20 C.F.R. § 404.1545(a) (1984). *See Ransom v. Heckler,* 715 F.2d 989, 991 & n. 1 (5th Cir.1983). If the Secretary determines that the claimant can still meet the physical and mental demands of his or her previous job, a finding of not disabled

is mandated. 20 C.F.R. § 404.1520(e) (1984). If, however, the claimant is no longer able to engage in his past job activities, then the Secretary must determine if the claimant is capable of performing other types of substantial gainful activity. In making this determination, the Secretary must examine the claimant's age, education, and work experience in conjunction with the claimant's residual functional capacity. 20 C.F.R. § 404.1520(f) (1984). If the claimant, considering his age, education, work experience, and functional level, can engage in some kind of substantial gainful employment, there is no disability; if not, the claimant is considered disabled. *Ransom*, 715 F.2d at 991.

The ALJ found that Jason's impairments were not severe and, thus, the sequential evaluation ended at step 2. Judicial review of the Secretary's decision denying disability benefits is statutorily limited to determining whether substantial evidence supports the Secretary's decision that Jason's impairments are not severe. 42 U.S.C. § 405(g). *See Davis v. Heckler*, 759 F.2d 432, 434 (5th Cir.1985). However, the ALJ's determination of nonseverity must be based on a correct legal standard. *See Davis v. Heckler*, 748 F.2d 293, 296–97 (5th Cir.1984); *Estran v. Heckler*, 745 F.2d 340, 340–41 (5th Cir.1984) (per curiam). Because the ALJ applied an incorrect legal standard, and thus failed to meet the requirements of *Davis* and *Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir.1985), the district court's order must be vacated.

In *Estran* this Court, after a review of the 1968 definition of a nonsevere impairment and subsequent legislation and regulations regarding that definition, concluded that the 1968 definition has not been abrogated and that the current regulations defining a nonsevere impairment must be read in light of the 1968 definition. 745 F.2d at 340–42.[1] After considering the 1968 definition, the Court established the following standard for determining whether a claimant's impairment is nonsevere:

" '[A]n impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.' " *Id.* at 341 (quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984)). The case was then remanded to the Secretary for reconsideration in light of that standard. *See also Barbara Davis*, 748 F.2d at 296–97; *Martin v. Heckler*, 748 F.2d 1027, 1032 (5th Cir.1984).

In *Stone*, this Court reviewed the holding of *Estran* in light of arguments by the Secretary and the recent amendments to the Social Security Act. 752 F.2d at 1103–05. The Court reaffirmed *Estran* and further concluded that:

> In view of both the Secretary's position in this case and our recent experience with cases where the disposition has been on the basis of nonseverity, we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used. Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.

*Id.* at 1106.

In *Davis*, this Court followed the explicit mandate of *Stone*. The Court found that the only definition of severe which was employed by the ALJ and adopted by the Secretary was the definition in the current regulations. p. 435. The Court further found that since "neither the ALJ nor the Secretary referred to the 'slight abnormality' standard of the 1968 regulations, ... 'the claim must be remanded to the Secretary for reconsideration.' " p. 436 (quoting *Stone*, 752 F.2d at 1106.)

In evaluating the severity of Jason's alleged impairments, the ALJ explicitly re-

---

1. The 1968 regulations defined a nonsevere impairment as "a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of abnormalities." 20 C.F.R. § 404.1502(a) (1968).

lied only on the current definition of non-severe. This definition provides that "[a]n impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1521(a). *See* 20 C.F.R. § 404.-1520(c). Neither the ALJ nor the Secretary referred to the "slight abnormality" standard of the 1968 regulations.[2]

Because under *Stone* and *Davis*, the wrong standard was used in evaluating the severity of Jason's alleged impairments, the judgment of the district court is vacated and this case is remanded to the district court with instructions to remand the case to the Secretary for reconsideration of the facts in the light of *Stone*, after considering any further evidence as may be offered by either Jason or the Secretary. Because this case must be remanded to the Secretary for further consideration, Jason's remaining allegations of error are not addressed.

REVERSED AND REMANDED.

---

**2.** Because the ALJ clearly relied on the wrong legal standard, we do not address the question of retroactivity of *Stone's* assumption of incorrectness, an issue raised by the Secretary in her supplementary brief.