**John F. PRICKETT, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C84–184G.**

United States District Court, D. Utah, C.D.

Aug. 30, 1985.

Chris D. Nichols, Salt Lake City, Utah, for plaintiff.

Gregory C. Diamond, U.S. Atty's Office, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER REJECTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE AND REMANDING CASE TO SECRETARY FOR FURTHER PROCEEDINGS

J. THOMAS GREENE, District Judge.

This matter came on regularly for hearing on August 20, 1985, on Objections to Magistrate's Report and Recommendation. The Objections were filed on behalf of the Claimant John F. Prickett. Chris D. Nichols appeared on behalf of the claimant, and Gregory C. Diamond, Assistant U.S. Attorney for the District of Utah, appeared on behalf of the defendant Margaret M. Heckler, Secretary of Health and Human Services. Counsel for the claimant filed a memorandum of law with the court, and both parties presented extensive oral argument, after which the matter was submitted for decision by the Court and taken under advisement.

The Court independently has reviewed the entire file, documents and record in this case, including the Report and Recommendation of the United States Magistrate dated May 28, 1985, and the Decision of the Administrative Law Judge dated September 15, 1983. Based upon a consideration of the entire record and all matters contained therein, and the Court being fully advised, the Objections to Magistrate's Report and Recommendation are herewith granted, and the decision of the Secretary is remanded for further proceedings as directed in this opinion. The Court finds no substantial evidence to support the Administrative Law Judge's finding of no severe impairment as that term is construed by the Court.

## BACKGROUND FACTS

The Claimant was previously awarded disability benefits from September of 1976 to May of 1979. The benefits were terminated and the termination was affirmed by the Secretary's Appeals Council in November of 1980. The Claimant did not seek judicial review of the termination. (R. 188–94, 196) The initial disability was based on a finding of cervical strain, acute post cervical headaches, paresthisia of the upper extremities and hearing problems. A continuing disability evaluation determined that the disability ceased in March of 1979 due to medical improvement. (R. 190) The Claimant re-applied for benefits in July of 1982, alleging disability beginning in March of 1982 due to conditions consisting essentially of those under which he was originally found to be disabled, including back and neck injuries and the accompanying pain. The Claimant's second application was denied initially and upon reconsideration. Claiming that he met the insured status requirements of the Social Security Act, the Claimant requested and received an administrative hearing. The Administrative Law Judge (ALJ) determined that Claimant could not meet his burden of establishing a prima facie case of disability because he could not satisfy step two of the Health and Human Services Regulations, a showing of "severe" impairment as defined by the Regulations. *See* 20 C.F.R. § 404.1520(c) (1984). The Secretary adopted the ALJ's decision as final and the Claimant sought judicial review under 42 U.S.C. § 405(g) (1982).

The United States Magistrate carefully reviewed the record, the pleadings on file and the applicable law to resolve the two issues presented: (1) whether the Secretary's decision was made in accordance with the proper legal standards; and (2) whether the Secretary's decision was supported by substantial evidence. Under the first issue, the Magistrate found that the ALJ had applied an incorrect legal standard to the Claimant's subjective complaints of pain by disregarding the complaints because they were "not found to be borne out by the objective medical evidence." (R. 31, finding 4) Under the second issue, the Magistrate found that the Secretary's decision was supported by substantial evidence in that the Claimant had failed to present sufficient evidence that he was unable to perform basic work activities since the onset of the claimed disability in March of 1982. The Magistrate ruled that even if the ALJ had taken into account the Claimant's complaints of pain, there still was substantial evidence in the record to support the finding of no severe impairment. The Magistrate adopted the ALJ's decision and found that there was substantial evidence in the record to support the finding of no severe impairment. Claimant objected to the Magistrate's Report and Recommendation.

## CRITERIA FOR SEVERE IMPAIRMENT AND SUBSTANTIAL EVIDENCE RELATING THERETO

In the case of *Royce v. Department of Health and Human Services*, 615 F.Supp. 1211 No. C84–871G, filed August 16, 1985, this Court set forth the criteria for determining disability under the Social Security Act pursuant to the Secretary's regulations, and noted the five step sequential evaluation for determining disability under the Act as promulgated by the Secretary and followed by the Tenth Circuit. *Ibid*, at 1213–1214 [citing *Turner v. Heckler*, 754 F.2d .326, 328 (10th Cir.1985).] The standards for determining the severity of an impairment under step two of the sequential evaluation were discussed, and this Court adopted the Report & Recommenda-

tion of the Magistrate which gave a narrow construction to the definition of severity. In following the Regulations of the Department of Health and Human Services, this Court stated that a severe impairment is one that *significantly limits* one's ability to perform the basic work activities exemplified in 20 C.F.R. § 404.1521(b) (1984). Although vocational factors are not to be considered at step two of the evaluation, a showing of *meaningful* impairment of one's ability to perform basic work-related activities would be sufficient to satisfy the severity test.

The Eleventh Circuit has adopted a similar view of the severity requirement, ruling that:

... an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984).

The Fifth Circuit has adopted a similar narrow construction of "severe impairment," and has noted that the original definition in 1968 was also narrow in scope and has never been abrogated. That Court concluded that current regulations must be read in light of the 1968 definition. *Jason v. Heckler*, 767 F.2d 82 (1985) [citing *Estran v. Heckler*, 745 F.2d 340 (5th Cir. 1984)]. The 1968 Regulation describes a non-severe impairment as "a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of abnormality." 20 C.F.R. § 404.1502(a) (1968). This Court agrees that the current regulations are meant to clarify rather than to change the original narrow definition of severe impairment, and accordingly we adopted the standard as set forth in *Royce* which we reiterate here.

Claimant's chief objection to the ALJ's decision was that the ALJ erred in disregarding the medical evidence of his pain and required him to substantiate fully his claims of pain with objective medical evi-

dence. The Magistrate took note of the Secretary's requirement that pain could be utilized as a basis for finding disability only if a specific physical impairment exists to which the pain can reasonably be attributed, and pointed out that most Circuits, including the Tenth Circuit, have held that eligibility for benefits can be based upon subjective evidence. The Magistrate regarded the error of the ALJ as non-prejudicial (Magistrate's Report at 6), but we consider that disregarding such in this case was not mere harmless error, particularly in view of the narrow severity test adopted in *Royce* and restated here. This is particularly true where, as here, subjective pain is supported by medical evidence.

After reviewing the entire record in light of the narrow construction of the severity test, including the medical evidence in the record, coupled with subjective complaints of pain supported by the medical evidence, this Court concludes that the ALJ erred in finding that the Claimant's impairments were not severe, and the Magistrate erred in adopting the ALJ's decision. The Report and Recommendation of the Magistrate in this case was handed down on May 28, 1985, prior to the Magistrate's Report and Recommendation of June 1, 1985 in the *Royce* case. We consider that the narrow construction of the severity test adopted by the Magistrate in *Royce* should have required disapproval of the ALJ's decision in this case. In all events, this Court finds that the evidence supporting the ALJ's decision was not such that a reasonable person would have relied upon it in finding that the Claimant's impairments were not severe. Therefore, the case is remanded, and the Secretary is directed to continue the sequential evaluation.