Byron Keith FRAZIER, SSN: 455–39–6569, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

No. 5:94–CV–254–C.

United States District Court, N.D. Texas, Lubbock Division.

Sept. 13, 1995.

Elizabeth Dunlap, Dallas, for plaintiff.

Nancy M. Koenig, Assistant U.S. Attorney, Lubbock, for defendant.

### ORDER REMANDING TO THE COMMISSIONER OF SOCIAL SECURITY

CUMMINGS, District Judge.

The Plaintiff, Byron Keith Frazier, is appealing a decision of the Commissioner of Social Security, 42 U.S.C. § 405(g). The Commissioner had denied the Plaintiff's claim for both disability insurance and supplement security income benefits. Plaintiff was granted a closed period of disability from August 3, 1989, to September 1, 1990. Neither Plaintiff nor Defendant disputes the closed period of disability. Plaintiff has alleged the denial whose claim is pursuant to 42 U.S.C. § 425(b), is wrongful and the payments should not have been terminated nor suspended. The United States Magistrate Judge entered Findings, Conclusions and Recommendation. No Objections have been filed by either party to such Findings, Conclusions and Recommendation. The Court has made an independent review of the records.

It is, therefore Ordered the findings of fact, legal conclusions and recommendation of the U.S. Magistrate Judge are adopted.

It is, further Ordered the legal reasoning of the Administration Law Judge was not proper because the application of 20 C.F.R. § 404.316(c) was on the basis of requiring the likelihood under the statute to be significant, and the statute does not require a significant likelihood.

It is, further Ordered the decision of the Commissioner denying disability payments under 42 U.S.C. § 425(b) for participation in the vocational rehabilitation program be set aside, and this case is remanded for reconsideration of the decision under the appropriate application of the law pursuant to 42 U.S.C. § 425(b) and 20 C.F.R. § 404.316(c).

It is, further Ordered this is a sentence four remand and is not for purposes of taking additional testimony, and this Order is a final decision of the Court and terminates the jurisdiction of this Court, *Sullivan v. Finkelstein*, 496 U.S. 617, 625–31, 110 S.Ct. 2658, 2664–66, 110 L.Ed.2d 563 (1990), and *Frizzell v. Sullivan*, 937 F.2d 254 (5th Cir.1991).

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will furnish a copy hereof to any party appearing *pro se* and to each attorney of record by first class mail.

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

September 13, 1995

WARNICK, United States Magistrate Judge.

The Plaintiff, Byron Keith Frazier, is appealing a decision of the Commissioner of Social Security, 42 U.S.C. § 405(g). Plaintiff had made a claim for both disability insurance and supplemental security income benefits. Plaintiff was granted a closed period of disability from August 3, 1989, through September 1, 1990. Plaintiff does not dispute the closed period of disability. Plaintiff is appealing a denial of his claim pursuant to 42 U.S.C. § 425(b). Section 425(b) provides disability payments shall not be terminated nor suspended as the result of the ceasing of a physical or mental impairment if (1) the Plaintiff is participating in a program of vocational rehabilitation services approved by the Secretary (now Commissioner), and (2) the Secretary determines the completion of the program or its continuation for a specific period of time will "increase the likelihood that such individual may (following his participating in such program) be permanently removed from the disability benefits rolls."

Plaintiff was born on July 4, 1965. Plaintiff has a tenth grade education. He had worked as a construction worker and landscaper until he injured his back on the job. As found by the ALJ he has acquired no transferrable work skills to either the skilled or semi-skilled level. Plaintiff had a hearing before an Administrative Law Judge on May 6, 1993. The ALJ made his determination on September 24, 1993. First, the ALJ determined Plaintiff had a closed period of disability from August 3, 1989, through September 1, 1990. The ALJ denied his request under Section 425(b) for a continuation of disability payments while Plaintiff participated in a vocational rehabilitation program. The ALJ did find he was unable at the Fourth Sequential Step to perform his past relevant work, but was fully able to perform sedentary work at the Fifth Sequential Step of the decision making process.

The purpose of the Plaintiff's claim is to establish a disability under the Social Security Act, 42 U.S.C. § 405(g). Pursuant to the Statutory provisions of the Social Security Act, the Secretary has promulgated regulations which establish a five-step sequential process for determining the presence or absence of disability to award or to deny disability payments, 20 C.F.R. § 404.1520 (1984). The five-step sequential test has been discussed and judicially approved in numerous decisions, *Bowen v. Yuckert,* 482 U.S. 137, 141–42, 107 S.Ct. 2287, 2291–92, 96 L.Ed.2d 119 (1987), *Heckler v. Campbell,* 461 U.S. 458, 461, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983), and *Martin v. Heckler,* 748 F.2d 1027, 1031 (5th Cir.1984). All of the various regulatory definitions, etc., appear in 20 C.F.R. § 404.1501, Sub-part P, et seq. The Plaintiff bears the burden of proof on the first four sequential steps in the decision making process. Then on the Fifth and final step, if it is reached, the Secretary has the burden of proof, *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984).

### FIRST STEP

The first step is the Plaintiff at the time of the claim of disability and thereafter must not be engaged in substantial gainful activity. Substantial gainful activity is doing significant and productive physical and/or mental work for profit, 20 C.F.R. §§ 404.1510, 404.1520(b).

### SECOND STEP

If the Secretary decides Plaintiff is not engaged in substantial gainful activity, the second determination is to determine if there is a severe impairment, 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. §§ 404.1520(c), 404.1508, 404.1513, 404.1520(c) and (d), 404.1520(a)–1523, *Bowen v. Yuckert, supra,* and *Sewell v. Heckler,* 764 F.2d 291 (5th Cir.1985). The impairment or combination of impairments must significantly limit the mental and/or physical ability to do basic work activities, 20 C.F.R. § 404.1521. Age, education and work experience are not considered. If there is a severe impairment the process moves to the next step.

### THIRD STEP

The Secretary has published certain listed impairments utilizing in part tables and grids for determining a per se disability, Part 404, Sub-part P, Appendix 1, and 20 C.F.R. §§ 404.1525–1528. These listings can establish disability, but they cannot result in a finding of "no disability." Their decisional basis is some impairments are per se disabling without considering age, education or work experience, *Perez v. Schweiker,* 653 F.2d 997 (5th Cir.1981). The listings are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the specific body system or function they affect. Each impairment is defined and delineated in terms of specific objective medical signs, symptoms, and/or laboratory results. For a claimant to demonstrate his impairment matches a listing, it must meet *all* of the specified medical criteria. If the appropriate listing indicates the Plaintiff is disabled, then the inquiry ends and the Plaintiff is entitled to benefits, *Heckler v. Campbell,* 461 U.S. at 460, 103 S.Ct. at 1954. However, if the listing does not show a per se disability such a finding does not result in a final conclusion of no disability.

## FOURTH STEP

The fourth step is to decide whether the present severe impairment prevents the performance of Plaintiff's past relevant work. This invokes a review of the residual functional capability and the physical and mental demands of past work activities. Residual functional capacity is what can still be done with the present severe impairment and the resulting limitation(s). If the Plaintiff is capable of doing his/her past relevant work there is no disability, 20 C.F.R. § 404.1520(e), *Crouchet v. Sullivan*, 885 F.2d 202 (5th Cir.1989), and *Reyes v. Sullivan*, 915 F.2d 151 (5th Cir.1990).

Under the first four Sequential Steps of the decision making process the Plaintiff bears the burden of proof, *Lewis v. Weinberger*, 515 F.2d 584, 586 (5th Cir.1975). If through step 4 the findings are Plaintiff (1) is not engaged in substantial gainful employment, (2) has a severe impairment, (3) does not have a per se disability based on the listing of impairments, and (4) is not capable of performing past relevant work, then Plaintiff has established a prima facie disability, *Ferguson v. Schweiker*, 641 F.2d 243, 246 (5th Cir.1981). The decision process then moves to the fifth and final Sequential Step.

## FIFTH STEP

On this final step the burden of proof is on the Secretary, *Kane v. Heckler, supra.* The initial determination to be made at this step is if the severe impairment prevents the Plaintiff from performing any work, even sedentary. This step incorporates consideration of the residual functional capacity, age, education and past work experience of the Plaintiff, 20 C.F.R. § 404.1520(f). If the Plaintiff is capable of performing some level of work, then at this juncture the decisions must also be made as to whether (1) the severe impairments are exertional, non-exertional or a combination of exertional and non-exertional, and (2) the Plaintiff can perform a full range of the indicated work level.

■ If the impairments are solely exertional then the appropriate tables (Medical Vocational Guidelines) are utilized, 20 C.F.R. Pt. 404, Sub-part P, App. 2, *Heckler v. Campbell*, 461 U.S. at 467 and 470, 103 S.Ct. at 1957 and 1959. The Medical Vocational Guidelines are based on, as noted by the Regulations, 20 C.F.R. Part 404, Sub-part P, Appendix 2, Section 200.00(e), the strength requirements of a job and how those are affected by exertional limitations. In this regard the Fifth Circuit has made it abundantly plain if the Plaintiff suffers only from exertional impairments or the non-exertional impairments do not sufficiently affect the residual functional capacity, then the Secretary may rely exclusively on the Guidelines in determining whether there is other work available in the economy which the Plaintiff can perform, *Fraga v. Bowen*, 810 F.2d 1296 (5th Cir.1987), *Mays v. Bowen*, 837 F.2d 1362 (5th Cir.1988), *Wingo v. Bowen*, 852 F.2d 827 (5th Cir.1988), and *Dominick v. Bowen*, 861 F.2d 1330 (5th Cir.1988).

■ If the Secretary makes a decision the Plaintiff can perform a *full range* of some level of work in the economy, then the Secretary may take administrative notice there are jobs in the economy which can be performed by the Plaintiff, *Ferguson v. Schweiker*, supra. If the Plaintiff is limited to sedentary work, the Secretary is required to refer to 20 C.F.R. § 404.1569 and Table No. 1, Appendix 2, Pt. 404, Sub-part P, to determine if under his residual functional capacity with his severe medically determinable impairments, he is or is not disabled. If the determination is the Plaintiff can perform light work the Secretary refers to Table No. 2, *supra.* Table No. 3, *supra*, is utilized for medium work. However, if the Plaintiff suffers from non-exertional or a combination of exertional and non-exertional impairments the Secretary may not utilize the Medical Vocational Guidelines for a decision. Although the Guidelines may be under limited circumstances used as an "insight" or "framework" for a decision, 20 C.F.R. Pt. 404, Sub-part P, Appendix 2, § 200.00(e)(2), and *Young v. Sullivan*, 911 F.2d 180 (9th Cir.1990). Also if the Secretary does not make a decision the Plaintiff can perform the *full range* of sedentary work, light work, etc., the Guidelines do not apply, *Lawler v. Heckler*, 761 F.2d 195, 198 (5th Cir.1985).

■ When the Guidelines may not be utilized for decision making, then the Secretary may only sustain her burden of proof by producing expert vocational testimony concerning the existence and availability of jobs in the national economy which the Plaintiff can perform, 20 C.F.R. P. 404, Sub-part P, App. 2, Sec. 200.00(e)(1) and (2), *Harrell v. Bowen,* 862 F.2d 471 (5th Cir.1988), and *Fields v. Bowen,* 805 F.2d 1168 (5th Cir. 1986). Vocational experts testify by hypothetical questions. The hypothetical question put to the vocational expert must conform to the ALJ's findings, *Herron v. Bowen,* 788 F.2d 1127 (5th Cir.1986).

### SUBSTANTIAL EVIDENCE

■ The standard by which the decision of the Secretary is reviewed is known as the doctrine of "substantial evidence". If the Secretary's findings are supported by substantial evidence then the decision will be affirmed. Substantial evidence was defined by the United States Supreme Court in *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) as,

> ". . . more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

■ A substantial evidence test does not involve a simple search of the record for isolated bits of evidence which support the decision of the Secretary. The Court is required to consider the record as a whole, *Orlando v. Heckler,* 776 F.2d 209, 213 (7th Cir.1985), and *Singletary v. Bowen,* 798 F.2d 818 (5th Cir.1986).

■ On the converse to find there is "no substantial evidence" to justify reversal of the Secretary's decision, it must be concluded there is a "conspicuous absence of credible choices", *Dellolio v. Heckler,* 705 F.2d 123, 125 (5th Cir.1983).

This is in part a refreshing case. There is no dispute by either of the parties concerning the facts and most of the findings. Plaintiff had enrolled in computer training at a community college on August 27, 1995. He was to receive an Associate's degree in computer training. By the testimony he is three courses short of his Associate's degree. Plaintiff had quit school because it was necessary for him to go back to work to be able to support his family. He is hopeful of completing the three courses. Plaintiff seeks disability payments from the cutoff date of September 1, 1990, through August 1992, while he was fully enrolled in his rehabilitation program.

Therefore, the finding by the ALJ of the closed period of disability or the time frame of it is not disputed. Nor is there any dispute he had not acquired any work skills which would be transferrable to the skilled or semi-skilled work activities. The ALJ used the Medical Vocational Guidelines, and found he was not disabled. Further, the ALJ found after he recovered from his disability, even though not able to return to his past relevant work, he could perform a full range of sedentary work. At the time of the ALJ hearing the Plaintiff was working for a construction company, and as he put it, "pushing a broom."[1]

Finding Number 15 by the ALJ is as follows,

> "the claimant's completion or continuation in vocational rehabilitation did not SIGNIFICANTLY (Emphasis Added) increase the likelihood that he will not have to return to the disability benefit rolls."

42 U.S.C. § 425 and 20 C.F.R. § 404.316(c) were intended to facilitate an individual in the exact position as this Plaintiff. This provision was intended to provide a means of support while a disability claimant improves his vocational opportunities. Section 425(b) is applicable to this case and was considered by the ALJ in making his decision. The Appeals Council decision dated August 26, 1994, found no basis for a review. It addressed the issue of the vocational rehabilitation payments, but it simply made the conclusory finding there was substantial evidence to support the decision of the ALJ. The

---

1. Plaintiff did receive supplemental security income benefits for two months after the termination date of his disability pursuant to the Social Security law. Thus, his Social Security payments ended effective November 1990.

ALJ's determination was the final decision of the Commissioner.

Section 425(b) reads in part as follows,

"... disability payments shall not be terminated or suspended because the physical or mental impairment, on which the individuals entitlement to such benefits is based, has or may have ceased, **if**

(1) such individual is participating in a program of vocational rehabilitation services approved by the Secretary,

and

(2) the Secretary determines that the completion of such program, or its continuation for a specific period of time, will increase the likelihood that such individual may (following his participating in such program) be permanently removed from the disability benefit rolls."

The ALJ in his findings did not find there was any dispute Plaintiff was participating in a program of vocational rehabilitation. Nor did it appear the rehabilitation services were not approved by the Secretary. The only real question in this appeal is whether or not the Secretary's determination is not supported by substantial evidence, or Plaintiff's claim to Section 425(b) has not been appropriately considered under the law. Nor does it appear the decision is over the completion or continuation for a specific period of time in the rehabilitation program. The heart and sole of the present decision is over the phrase from the statute, "... will increase the likelihood that such individual may be permanently removed from the disability benefits rolls."

There is one important feature of the ALJ's decision which must be noted here. He said in his Finding Number 15 the completion or continuation in the computer training program would not "significantly" increase the likelihood Plaintiff would not return to the disability benefit rolls. The term significantly does not appear in the statute and has no application in this setting. Therefore, whatever affect may result from the use by the ALJ of the term significantly, and its effect on the final decision is in part important to a determination of this appeal.

There are a dearth of cases considering this provision of the law. Apparently it has only been appealed to one Court of Appeals and with one District Court opinion. In *Leschniok v. Heckler*, 713 F.2d 520 (9th Cir. 1983), the statute's application was considered. The Secretary had been refusing to apply the statute. An injunction was granted requiring the Secretary to apply and consider the statute in the future. However, an important decision is *Christian v. Heckler*, 573 F.Supp. 671 (W.D.Ark.1983). The heart of the decision was to determine when Section 425(b) applied to individuals. The Court determined it applied to those who were engaged in a vocational rehabilitation program at the time their impairments became non-disabling. This would bring Frazier within the ambit of Section 425(b). In addition, the legislative history of the case, and particularly the Senate Report, was considered in *Christian v. Heckler, id.* at 675. As noted in this decision the Senate Report in passing this law stated as follows,

"The committee recognizes that a *person's physical or mental impairment may sometimes improve to the extent that he may no longer meet the strict criteria required to be eligible for case benefits,* yet not to the extent that it would constitute full recovery. *In such circumstances completion* of a vocational rehabilitation program may make a significant difference in the ultimate degree of ... self-sufficiency achieved by the disabled person."

█ The present Plaintiff would appear to meet this comment. He falls within the ambit of the Regulations for vocational rehabilitation. His physical impairment has improved to the extent he no longer meets the strict criteria required of him to be eligible for benefits. Yet, it did not improve to an extent which would constitute a *full recovery.* The ALJ specifically found based upon the record he could not perform his past relevant work and was relegated to only sedentary work. Plaintiff had previously been a construction and landscape worker.

This Plaintiff has not made a full recovery. He can not perform his past relevant work, and he has no transferrable skills or training to transfer to skilled or semi-skilled work.

He is an unskilled worker. He was engaged in a vocational rehabilitation program which would permit him to become at least a semi-skilled worker, if not a skilled worker in computer work. Likewise, it would prepare him for a lifetime of sedentary work. While the evidence from a vocational expert may be necessary, it certainly would appear computer training would place him in a work atmosphere where there are ergonomic chairs, tables, keyboards, etc., which cater to the disabled with regard to their back injuries, carpal tunnel syndrome, etc.

A simple reading of the statute and Regulations would seem to indicate this Plaintiff met all of the criteria. In addition, it certainly would appear the ALJ's use of a requirement to *significantly* increase the likelihood was a misapplication of the law. The law *does not require a significant increase in the* likelihood. The law only requires there be a "likelihood".[2]

I, therefore, recommend it be found the legal reasoning of the ALJ was not proper under the statute.

I, further recommend the decision of the Secretary denying the payments under 42 U.S.C. § 425(b) for participation in a vocational rehabilitation program be set aside, and this case be remanded for reconsideration of the decision under the appropriate application of the law, 42 U.S.C. § 425(b).

I, further recommend it be found this is a sentence four remand pursuant to 42 U.S.C. § 405(g), thus is a termination of this Court's jurisdiction.

The Clerk is directed to file the Findings, Conclusions and Recommendation and to send a copy of it to the Plaintiff by certified mail/return receipt requested, and a copy to each attorney of record by first class mail. Any party may object to the proposed Findings, Conclusions and Recommendation within ten (10) days after having been served with a copy hereof, Rule 72, Federal Rules of Civil Procedure, and Rule 4(a)(1) of Miscellaneous Order No. 6 as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas. Such party shall file with the Clerk of the Court, serve on the Magistrate Judge and on all parties, written objections, which shall specifically identify the portions of the Findings, Conclusions and Recommendation to which objection is made and shall set out fully the basis for each such objection. Objections are required to obtain a de novo review by a United States District Judge. Failure to timely file written objections to the proposed Findings, Conclusions and Recommendation contained in this report shall bar an aggrieved party from attacking the factual findings on appeal. See *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) and *Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir.1982) (*en banc*).

---

2. However, this Court is not expressing any opinion with regard to the additional three courses which need to be taken by the Plaintiff who

alleges had he been receiving his disability payments he would have had the financial wherewithal to complete the courses.