United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51618
Summary Calendar

LOUIS  IRBY,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 04-CV-971

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

      Louis Irby appeals the denial of social security disability benefits and supplemental security income under Titles II and XVI of the Social Security Act.[1]  Irby claims the Administrative Law Judge's residual functional capacity assessment was erroneous because it did not expressly include any upper extremity or cervical limitations.  Our review is limited to determining whether the ALJ

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]"The relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income." *Davis v. Heckler*, 759 F.2d 432, 435 n.1 (5th Cir. 1985).

used proper legal standards to evaluate the evidence and whether the decision is supported by substantial evidence.[2] After a careful review of the record, we AFFIRM.

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months."[3] To determine whether a claimant meets this definition, the ALJ uses a five-step sequential evaluation and considers whether: (1) the claimant is performing substantial gainful activity; (2) the claimant has a "severe impairment"; (3) the claimant's impairment meets or equals one listed in Appendix 1, Subpart P, Regulations No. 4; (4) the claimant has the residual functional capacity to perform his past relevant work; and (5) if the claimant cannot perform past relevant work, whether he or she can make an adjustment to other work in light of his or her age, education, work experience, and residual functional capacity.[4] The claimant bears the burden of proof on the first four steps, including inability to perform former work. At step five, however, the burden shifts to the Commissioner to show that the claimant is capable of performing other work available in significant numbers in the national economy.[5] A disability determination at any step is conclusive and terminates further analysis.[6]

The ALJ found that Irby had the following severe impairments: chondromalacia/osteoarthritis of the left knee; mild bilateral degenerative joint disease of the knees; a slight annular bulge and disc

---

[2]*See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[3]42 U.S.C. § 423(d)(1)(A).

[4]*See* 20 C.F.R. §§ 404.1520, 416.920.

[5]*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

[6]*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

dessication at the L4-5 level; neck, bilateral upper extremity, and shoulder pain secondary to mild degenerative disc disease of the cervical spine; fused fourth and fifth metacarpals in the right hand; post-traumatic stress disorder; and major depression. The ALJ concluded, however, that these impairments, either singly or in combination, did not meet or medically equal one of the impairments listed in Appendix 1. Therefore, the ALJ was required to assess Irby's residual functional capacity to determine whether he was capable of performing the requirements of his past relevant work or, if not, other work existing in significant numbers in the national economy.

The regulations require the ALJ to determine residual functional capacity by considering all of the relevant evidence and addressing the claimant's exertional and non-exertional limitations.[7] Residual functional capacity "is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."[8] After discussing the evidence in detail, including the medical records pertaining to Irby's neck, bilateral upper extremity and shoulder pain, the ALJ concluded that Irby "retains the residual functional capacity to perform a wide range of medium exertional level work,[9] limited to occasional bending and stooping, limited to modest contact with others and no contact with [the] public, limited to jobs of average stress or less, and limited to jobs that do not require work around hazards such as dangerous moving machinery or working at heights." The ALJ noted that

_____

[7]*See* 20 C.F.R. §§ 404.1545, 416.945; Social Security Ruling 96-8p.

[8]Social Security Ruling 96-8p.

[9]20 C.F.R. §§ 404.1567(c), 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, . . . he or she can also do sedentary and light work.").

3

Irby's treating physician restricted him from doing any heavy bending, stooping, squatting, lifting, pushing, pulling, and carrying.

Considering the foregoing limitations and the testimony of a vocational expert, the ALJ concluded that Irby was not disabled at steps four and five because he could perform his past relevant work as a draftsman and aircraft mechanic and alternatively could perform sedentary, unskilled jobs such as a surveillance system monitor, an order clerk in the food and beverage industry, and a hand packer. Irby asserts that the ALJ failed to properly evaluate his residual functional capacity because he did not expressly include any limitations related to Irby's upper extremity and cervical impairments. The ALJ fully reviewed and considered all the relevant evidence and acknowledged Irby's upper extremity and cervical impairments. Despite these impairments, the evidence in the record does not demonstrate that Irby has any additional limitations that would prevent him from performing either his past relevant work or the other unskilled sedentary jobs the ALJ identified. Therefore, we find no error in the ALJ's residual functional capacity assessment.

AFFIRMED.