United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2007**

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals*
*For the Fifth Circuit*

No. 06-10819
Summary Calendar

CARLENE D. LANGLEY,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

       Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 2:03-CV-00128

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

       Charlene Langley appeals the denial of social security disability benefits and supplemental security income under Titles II and XVI of the Social Security Act.[1] Langley claims the Administrative Law Judge's residual functional capacity assessment was not

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]"The relevant law and regulations governing the determination of disability under a claim for disability benefits are identical to those governing the determination under a claim for supplemental security income." *Davis v. Heckler*, 759 F.2d 432, 435 n.1 (5th Cir. 1985).

supported by substantial evidence because it erroneously relied on a determination of Langley's credibility. Because we find that the Commissioner's decision is supported by substantial evidence and in accordance with law, we affirm.[2]

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months."[3] To determine whether a claimant meets this definition, the ALJ uses a five-step sequential evaluation and considers whether: (1) the claimant is performing substantial gainful activity; (2) the claimant has a "severe impairment"; (3) the claimant's impairment meets or medically equals one listed in Appendix 1, Subpart P, Regulations No. 4; (4) the claimant has the residual functional capacity to perform his past relevant work; and (5) if the claimant cannot perform past relevant work, whether he or she can make an adjustment to other work in light of his or her age, education, work experience, and residual functional capacity.[4] The claimant bears the burden of proof on the first four steps, including inability to perform former work. At step five, however, the burden shifts to the Commissioner to show that the claimant is capable of performing other work available in significant numbers in the national economy.[5]

The ALJ found that Langley has degenerative arthritis in her right knee, fibromyalgia

---

[2]*See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[3]42 U.S.C. § 423(d)(1)(A).

[4]*See* 20 C.F.R. §§ 404.1520, 416.920.

[5]*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

in multiple tender points, a history of head injury, and an adjustment disorder with depressed mood. The ALJ concluded that the impairments, in combination, are severe within the meaning of the Regulations, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1. Although Langley initially challenged this determination, she abandoned her argument in her reply brief, and we do not address it.

Having determined that Langley's impairments do not meet or medically equal a listed impairment, the ALJ was required to assess Langley's residual functional capacity to determine whether she was capable of performing her past relevant work or, if not, other work existing in significant numbers in the national economy. The ALJ concluded that Langley retained the residual functional capacity to perform a limited range of sedentary work.[6] Considering Langley's limitations and the testimony of a vocational expert, the ALJ concluded that while Langley was not capable of performing her past relevant work, she could perform various semi-skilled and unskilled sedentary jobs such as a surveillance system monitor, a taxi cab starter, and an information clerk. The ALJ therefore determined that Langley was not disabled as that term is defined in the Social Security Act.

Langley argues that the ALJ determined Langley's residual functional capacity by merely questioning Langley's credibility. The ALJ certainly considered Langley to be less

---

[6] 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").

than fully credible, but his decision regarding Langley's residual function capacity and the availability of jobs in the national economy is nevertheless supported by substantial evidence. The ALJ actually relied on medical evidence that indicates Langley can lift twenty pounds, carry ten pounds, walk one block, stand for ten minutes, and sit for fifteen minutes. There is also evidence that Langley socialized with her friends, went shopping, and that her alleged limitations were not wholly supported by objective medical findings. We AFFIRM.