**Elio R. GARZA, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellee.**

No. 84–5015.

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1985.

---

Gilbert Rodriguez, Abilene, Tex., for plaintiff-appellant.

Gayla Fuller, Acting Reg. Atty., Karen J. Behner, Atty., Dept. of Health & Human Serv., Dallas, Tex., for defendant-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

PER CURIAM:

Elio R. Garza brought this suit in federal district court, pursuant to 42 U.S.C. § 405(g) and 1383(c), to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) denying him disability benefits and supplemental security income under 42 U.S.C. §§ 416(i), 423, 1381a (Titles II and XVI of the Social Security Act). Under the record in this case, this Court is unable to determine whether, in fact, the Secretary's decision was informed by the proper legal standard. Accordingly, this Court vacates the judgment of the district court and orders the case remanded to the Secretary for further consideration consistent with this opinion.

I. FACTS

Elio R. Garza (Garza), presently 40 years old, is a Mexican-American male with a fourth grade education who cannot read or write in either English or Spanish. Garza contends that he became unable to work on September 7, 1981, because of back, kidney, and vision problems, shortness of breath, and ulcers. Prior to that date, Garza worked in various jobs as a laborer, seat cover installer, and truck driver.

Garza filed an application for disability insurance benefits and supplemental security income benefits on July 13, 1982. Garza's applications were denied. Garza's request for reconsideration of the adverse decision was also denied. Garza then requested a *de novo* hearing before an administrative law judge (ALJ), which was conducted on December 14, 1982. In an opinion issued May 31, 1983, the ALJ denied Garza's claim for benefits based on a determination that Garza did not have a severe impairment. The Appeals Council denied Garza's request for review, making the ALJ's decision the final decision of the Secretary.

Garza then sought review of the Secretary's decision in federal district court. The district court affirmed the Secretary's decision and granted the Secretary's motion for summary judgment. Garza appeals. Neither side has requested oral argument before this Court. This Court vacates the judgment of the district court and orders that the case be remanded to the Secretary for further consideration in light of this opinion.

II. DISCUSSION

Garza argues, on appeal, that the Secretary applied an incorrect legal standard in determining whether Garza suffered from a severe impairment. This Court agrees.

The Social Security Act authorizes the Secretary to establish rules and regulations governing the determination of disability claims such as the one presented in this case. 42 U.S.C. §§ 405(a), 1383(d)(1). Accordingly, the Secretary has established a five-step sequential procedure for making

such determinations.[1] 20 C.F.R. §§ 404.-1520, 416.920. If the claimant is found not to be disabled under any one of the sequential steps, the inquiry ends. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

In this case, the ALJ's inquiry ended at the second step. At this step, according to the present regulations, the Secretary determines, solely on the basis of medical factors, whether the claimant has a "severe" impairment which "significantly limits [the claimant's] physical or mental ability to do basic work activities...." 20 C.F.R. §§ 404.1520(c), 416.920(c). The regulations provide that this second determination is to be made without consideration of the claimant's "age, education, and work experience." *Id.* Applying this language, the ALJ determined that Garza did not suffer from a "severe" impairment.

This Court has held, frequently and unequivocally, that the language quoted above is to be "read in light of the earlier regulations defining severe impairment adopted in 1968 ...," *Estran v. Heckler,* 745 F.2d 340, 340–41 (5th Cir.1984) (citation omitted), because "[t]he change in language was not accompanied by 'an intention to alter the levels of severity for a finding of disabled or not disabled.'" *Id.* Consequently, this Court has stated that the following standard is to be applied in determining whether an impairment is severe:

"[A]n impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability

to work, irrespective of age, education or work experience."

*Id.* at 341 (*quoting Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984) (footnote omitted)).

Since *Estran,* this Court has consistently followed this "slight abnormality" standard, and numerous cases have been remanded to the Secretary for further consideration in light of this standard. *See, e.g., Sewell v. Heckler,* 764 F.2d 291 (5th Cir. 1985); *[Luevenia] Davis v. Heckler,* 759 F.2d 432 (5th Cir.1985); *Stone v. Heckler,* 752 F.2d 1099 (5th Cir.1985); *Martin v. Heckler,* 748 F.2d 1027 (5th Cir.1984); *[Barbara] Davis v. Heckler,* 748 F.2d 293 (5th Cir.1984).

In *Stone,* this Court stated:

In view of both the Secretary's position in this case and our recent experience with cases where the disposition has been on the basis of nonseverity, we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used. Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.

752 F.2d at 1106.

It is readily apparent that the ALJ's opinion in the instant case does not meet the requirements of *Stone.* The Secretary, however, argues that the decision in *Stone* should not be applied retroactively.

---

1. This Court has recently summarized this procedure:

The first step involves the determination whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b) (1984). The second step, which is here challenged, requires the factfinder to decide whether a claimant's impairment is severe, irrespective of age, education, or work experience. 20 C.F.R. § 404.1520(c) (1984). If the claimant is found to have a severe impairment, it is compared against a list of impairments found in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(d) (1984). If the claim-

ant's impairment is listed, the individual is considered disabled. *Id.* If it is not listed, the next step must be considered. At that point, the factfinder must decide whether the claimant can do past relevant work. 20 C.F.R. § 404.1520(e) (1984). The final question is whether the claimant can perform any other work. Only at this stage are a claimant's residual functional capacity, age, education, and past work experience considered. 20 C.F.R. 1520(f) (1984).

*Stone v. Heckler,* 752 F.2d 1099, 1100–01 (5th Cir.1985).

Whether the presumption in *Stone* or the analysis of *Estran* is applied to the instant case, the result is the same. Nothing in the ALJ's opinion indicates that the finding of nonseverity was made in light of the 1968 standard. Only the present regulatory language is referenced. Thus, this Court cannot know whether, in fact, the "slight abnormality" severity standard, as construed by this Court, has been properly applied. Accordingly, remand of this case is proper.

The Secretary argues further, applying the proper construction of the severity requirement, that the evidence is so clear that Garza's impairment is not severe that this Court may make the factual determination of nonseverity. In that manner, the Secretary argues, an unnecessary and formalistic remand may be avoided. We decline the Secretary's invitation and we state only that our role is not that of factfinder.

## III. CONCLUSION

For the reasons stated above, the judgment of the district court is vacated, and this Court orders that the case be remanded to the Secretary for further consideration and disposition in a manner consistent with this opinion.

VACATED AND REMANDED.