**Donald HAMPTON, Plaintiff-Appellant,**

v.

**Otis W. BOWEN, Secretary of Health
& Human Services,
Defendant-Appellee.**

**No. 84–2711.**

United States Court of Appeals,
Fifth Circuit.

April 2, 1986.

Bill Blackburn, Corpus Christi, Tex., for plaintiff-appellant.

Thomas Stanton, Asst. Reg. Atty., Daniel K. Hedges, U.S. Atty., Pete Sandoval, C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Atty., Houston, Tex., Karen J. Behner, Asst. Reg. Atty., Dept. of Health & Human Services, Dallas, Tex., for defendant-appellee.

Before RUBIN, RANDALL and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Donald Hampton appeals from a judgment denying his claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. Hampton's claim is based largely upon severe pain. He contends that the Secretary's finding of non-disability, based upon the decision of the Administrative Law Judge (ALJ), was not supported by substantial evidence, and that the ALJ applied improper legal standards. We find that the ALJ applied the wrong legal standard in determining Hampton's impairments were not severe, and we reverse and remand.

## I. FACTS

Hampton is 52 years old and has a seventh grade education. He had worked in the past as a carpenter. Hampton alleges that he became disabled in March of 1980 because of recurring pain in his upper back, neck, left leg, left shoulder and left side of his body. He also alleges severe headaches and numbness in his hands. He filed his application for disability benefits on April 2, 1980.

After his claim was denied administratively, it was considered de novo by the ALJ. Hampton testified that he experiences disabling pain after he works continuously for a couple of hours. Hampton's wife corroborated his testimony. Reports by Dr. Ortiz concluded that Mr. Hampton was suffering from a congenital anomaly of the upper spine and that this congenital anomaly "may be responsible for some back pain." Two other doctors' examination confirmed the existence of the congenital anomaly.

The ALJ found in June 1981 that Hampton was not entitled to disability benefits, and this was affirmed by the Appeals Council. Hampton sought review in the district court and, on recommendation of the magistrate, the district judge remanded the case to the ALJ for credibility findings. The case languished until December 1983 when the ALJ, without a further hearing, and apparently on the basis of memory now more than two years old and perhaps notes, found that Hampton's allegations of disabling pain to his neck, shoulders, left side of his body, and severe headaches were not substantiated by any of the medical evidence of record. The ALJ did make a specific finding that medical evidence supported a conclusion that Hampton did suffer severe pain. The ALJ then found by enumeration that all Hampton's pains, omitting the back pain, were not supported by medical evidence. The ALJ, therefore, made a finding by implication that the severe pain in his back was substantiated by the medical evidence. The ALJ nonetheless concluded that Hampton was not disabled because he did not have a severe impairment. The ALJ reasoned that the pain was not "of such frequency, intensity or duration as to be disabling." The decision of the ALJ became the final decision of the Secretary after the Appeals Council affirmed the denial of benefits. On a motion for summary judgment, the district judge affirmed the Secretary's decision denying benefits. Hampton appeals.

## II. EVALUATION OF PAIN

The scope of our review is limited to determining if the Secretary used proper legal standards, and if there is substantial evidence to support the Secretary's findings. *Carter v. Heckler*, 712 F.2d 137, 140 (5th Cir.1983); 42 U.S.C. § 405(g). Hampton contends that the Secretary did not use the proper legal standard in evaluating his complaints of pain. The ALJ in the findings tracked the language of 20 C.F.R. § 404.1529 (1985)[1] stating: "A finding of 'disability' will never be based solely on symptoms, including pain, unless medical signs or findings show there is a medical condition that could be reasonably expected to produce those symptoms." Hampton asserts that the ALJ disregarded a Fifth Circuit rule that "even subjective complaints of pain, if credited, standing alone can sustain a finding of disability in certain cases." *Smith v. Schweiker*, 646 F.2d 1075, 1082 (5th Cir.1981); *Gaultney v. Weinberger*, 505 F.2d 943, 946 (5th Cir.1974). Under this rule, Hampton argues, the ALJ implicitly found that his testimony was credible

---

1. § 404.1529 provides:
   If you have a physical or mental impairment, you may have symptoms (like pain, shortness of breath, weakness, or nervousness). We consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.

by the finding of severe pain, and he is entitled to an order directing the Secretary to grant his application for disability benefits.

█ We cannot grant Hampton this relief. The rule he relies upon has been modified by the passage of the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423. *Hand v. Heckler*, 761 F.2d 1545, 1548 n. 4, *reh'g granted en banc*, 774 F.2d 428 (11th Cir.1985); *Kelley v. Heckler*, 761 F.2d 1538, 1541 n. 5 (11th Cir.1985).

The Act essentially codifies the regulation, § 404.1529, and provides:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability ...; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged

....

42 U.S.C. § 423(d)(5)(A).

Hampton argues that the 1984 Act should not apply to his case since his claim was pending when the Act became law. We must reject this argument. The act states that this provision "shall apply to determinations made prior to January 1, 1987." [2] New laws apply to pending cases "unless manifest injustice would result or there is a statutory directive or legislative history to the contrary." *Central Freight Lines, Inc. v. United States*, 669 F.2d 1063, 1069 (5th Cir.1982); *Corpus v. Estelle*, 605 F.2d 175, 180 (5th Cir.1979), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980); *Bradley v. Richmond School Board*, 416 U.S. 696, 717, 94 S.Ct. 2006, 2019, 40 L.Ed.2d 476 (1974).

Hampton relies on an assertion of manifest injustice. Hampton argues that he has a vested or unconditional right to have the determination of his disability based on the laws and rules as they existed at the time of his disability. *Bradley*, 416 U.S. at 717, 94 S.Ct. at 2019. But we have applied the 1984 Act to recent pain cases where the claims pre-date the amendment. *Owens v. Heckler*, 770 F.2d 1276 (5th Cir.1985); *Lawler v. Heckler*, 761 F.2d 195 (5th Cir. 1985); *[Luevenia] Davis v. Heckler*, 759 F.2d 432 (5th Cir.1985). The Fourth Circuit has addressed this issue in detail, and we agree with their holding that disability claimants have no such vested right. *Hyatt v. Heckler*, 757 F.2d 1455 (4th Cir. 1985), *citing, Richardson v. Belcher*, 404 U.S. 78, 80–81, 92 S.Ct. 254, 256–57, 30 L.Ed.2d 231 (1971).

In sum, the ALJ applied the correct standard on this issue. The ALJ found that "medical evidence establishes that the claimant has severe pain." One doctor, Dr. Ortiz, stated that Hampton was suffering from a congenital anomaly of his upper spine, and that the anomaly could have caused Hampton's back pain. The other doctors confirmed the existence of the congenital anomaly.

### III. NO SEVERE IMPAIRMENT FINDING

█ Although there was medical evidence to support Hampton's complaint of severe pain in his back (as distinguished from Hampton's claims of other pain), the ALJ concluded that Hampton did not have a severe impairment. We have had to remand several cases recently because the ALJ did not apply the correct non-severity standard. *Garza v. Heckler*, 771 F.2d 871 (5th Cir.1985); *Jason v. Heckler*, 767 F.2d 82 (5th Cir.1985); *Sewell v. Heckler*, 764 F.2d 291 (5th Cir.1985); *[Luevenia] Davis v. Heckler*, 759 F.2d 432 (5th Cir.1985); *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985); *[Barbara] Davis v. Heckler*, 748

---

**2.** Congress then, in 1987, intends to set permanent standards for evaluating pain after the results of a study on pain are complete. 1984 U.S.Code Cong. & Ad.News 3038, 3051; 130 Cong.Rec. H9836 (daily ed. Sept. 19, 1984).

F.2d 293 (5th Cir.1984); *Estran v. Heckler*, 745 F.2d 340 (5th Cir.1984).

The Secretary uses a five-step sequential process to evaluate claims of disability. 20 C.F.R. § 404.1520 (1985). The five steps are: (1) the claimant is not working, 20 C.F.R. § 404.1520(b); (2) the claimant has a severe impairment, § 404.1520(c); (3) the claimant's impairment "meets or equals a listed impairment" in Appendix 1 of the Regulations, § 404.1520(d); (4) the impairment prevents the claimant from doing past relevant work, § 404.1520(e); (5) the impairment prevents the claimant from doing any other work, § 404.1520(f).

If a claimant is found not to be disabled at any step in the process, the remaining steps are not considered. 20 C.F.R. § 404.-1520(a). Hampton's claim was dismissed at the second step of the five step procedure. The ALJ found that Hampton was not suffering from a severe impairment that "significantly limit[ed] his ability to perform basic work-related functions as he has performed in the past." The definition of "severe" employed by the ALJ rests on current regulations stating that an impairment is not severe if it does not "significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c) (1985).

To ensure application of the proper standard, this Court has construed the current regulation as setting the following standard for non-severity:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

*Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir.1984). Accordingly, we have made clear the burden which lies on the Secretary:

[W]e will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used. Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.

*Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir.1985). The ALJ did not meet this requirement.

*Stone* does not require a wholesale remand of all severity cases. A case will not be remanded simply because the ALJ did not use "magic words." We remand only where there is no indication the ALJ applied the correct standard. We must read the opinion of the ALJ carefully to ensure he or she used the "slight impairment" standard in the nonseverity determination. Here, there is no indication in the opinion that the ALJ applied the correct standard. The ALJ relied solely on the language of the present regulation. Under *Estran* and *Stone*, we must remand the case to the Secretary for reconsideration of the facts and any further evidence in light of the slight abnormality standard which we have stated over and over.[3]

REVERSED AND REMANDED.

---

3. The Secretary contends that this case should not have to be remanded because *Stone* should not apply retroactively. As we have stated before in cases where the ALJ has failed to make the requisite finding, there is no need to address the issue of the retroactivity of *Stone's* presumption because the ALJ did not rely on the correct standard even as it existed before *Stone*. *Stone* did no more than state how the already established standard should be applied. *Garza*, 771 F.2d at 873; *Jason*, 767 F.2d at 86 n. 2.