**William HOOK, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

Civ. A. No. 87–0576.

United States District Court, M.D. Pennsylvania.

Jan. 5, 1988.

John A. Mihalik, Hummel, James & Mihalik, Bloomsburg, Pa., for plaintiff.

Frederick E. Martin, Lewisburg, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

This is an action under 42 U.S.C. § 405(g) and 1383(c)(3) to review the final decision of the Secretary denying plaintiff's claims for disability insurance benefits and Supplemental Security Income. Plaintiff alleged disability as of August 20, 1983 due to arthritis, bad back, ulcers, and high blood pressure. The administrative law judge ("ALJ") found that plaintiff retained the residual functional capacity to perform sedentary work and was therefore not disabled. The appeals counsel deemed plaintiff's request for review.

The magistrate, in evaluating the decision of the ALJ, found the decision to be

*pro forma* or "canned"; that no evaluation was done of the evidence to support the ALJ's decision and that the ALJ's finding that "plaintiff's allegations of pain were not supported by objective medical evidence," and made no evaluation of the evidence in support thereof. In essence the magistrate found that the ALJ failed to fulfill his responsibility to support his decision by substantial evidence but rather relied upon his own arbitrary, conclusory and unilateral diagnosis. The magistrate recommended that the matter be remanded so that the ALJ could perform his duties in accordance with the appropriate legal standards. The defendant filed objections noting the Secretary advanced arguments as to why the evidence substantially supported the ALJ's decision in the brief supporting the Secretary's motion for summary judgment. Contra to the magistrate's opinion, the Secretary argues that this court has the right to consider the Secretary's brief as part of the entire transcript and need not rely on the ALJ decision alone.

The magistrate's recommendation that the matter be remanded is rejected, acknowledging nonetheless the correctness of his analysis of the woefully inadequate ALJ report. The Secretary's final decision will be upheld based upon the evidence of record.

Plaintiff argues that he has so much pain that he is totally disabled. The Social Security Disability Benefits Reform Act of 1984 (42 U.S.C. § 423) provides, in part:

(5)(A) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require. *An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section;* there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability (emphasis added).

This provision has been held to be applicable to a claim pending at the time of its enactment. *Hampton v. Bowen,* 785 F.2d 1308, 1310 (5th Cir.1986).

A review of the record does not support claimant's position that his pain is of such a degree as to prove disabling. Plaintiff complained of joint pain, polyarthralgia, swelling of joints, joint problems in hands and low back (TR. 253). Rheumatoid factor and sedimentation rates were negative (TR. 250, 253). Plaintiff had full range of motion in all joints (TR. 246, 254, 279–280). Xrays of the lumbar spine revealed mild degenerative arthritis (TR. 246, 263, 278–281). Tenderness and swelling was noted in the finger joints, but not found to be clinically significant (TR. 254, 246, 310). Plaintiff has diminished flexion of both wrists and mild restriction of extension (TR. 277, 257, 308, 327).

Dr. Feinstein could not document a medical cause for plaintiff's subjective complaints (TR. 247). Active rheumatoid or inflammatory disease was ruled out (TR. 250, 257). A physical examination at Geisinger Medical Center failed to substantiate plaintiff's subjective complaints.

The above are only a few of the many medical findings which support the Secretary's decision. The defendant has thoroughly and objectively set forth the medical findings in the brief in support of his motion for summary judgment which are adopted herein. The Secretary's finding that plaintiff retained the residual functional capacity to perform sedentary work is supported by substantial evidence.

## ORDER

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT:

1) The report and recommendation of Magistrate Durkin are rejected;

2) Plaintiff's motion for summary judgment is denied;

3) Defendant's motion for summary judgment is granted;

4) The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff and close the file.