# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-30820

MERITA WILLIAMS

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3958

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Merita S. Williams appeals from the district court's judgment for the defendant Commissioner of Social Security ("Commissioner"). Because the Commissioner's decision denying the plaintiff's claims for disability insurance benefits and supplemental security income was not supported by substantial evidence, we reverse the district court's grant of summary judgment to the Commissioner and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Williams has twice filed for Title II disability insurance benefits and Title XVI supplemental security income: her initial filing on June 7, 2001 was denied by an Administrative Law Judge's ("ALJ") opinion dated January 15, 2003, and her second filing on June 12, 2003 was similarly denied on June 29, 2006. In her second application, which is the subject of this appeal, Williams alleged that degenerative disc disease, bronchitis and hypertension caused her to become disabled on November 7, 2000. Williams later amended the onset date to be January 16, 2003.[1] Her claims were denied initially, by the ALJ, and upon reconsideration by the Appeals Council.

In a hearing before the ALJ held on March 8, 2006, Williams testified that she suffers from pain in her lower back and shoulders, muscle spasms, and carpal tunnel syndrome. As a result of these infirmities, Williams alleged that she has difficulty grasping small objects, needs help bathing, and cannot drive because she cannot turn her head. According to Williams, she spends her days slowly performing household chores and watching television. She testified that she can stand upright for only 15 to 20 minutes, can sit for only 30 minutes, can walk less than one block, and can pick up only the weight of a gallon of milk.

Born in 1953, Williams finished three years of college and was previously employed as a firewatcher, cashier, security guard, cook, substitute school teacher, and construction worker. Regarding her alleged disabilities, the ALJ agreed that Williams suffers from the "severe" impairments of degenerative disc disease of the cervical and lumbar spine, carpal tunnel syndrome, and degenerative joint disease of the left shoulder. The ALJ classified Williams's alleged hypertension, asthma and history of fracture of the right orbit as "nonsevere." The ALJ found these injuries, taken both singularly and in

---

[1] Because Williams amended the alleged onset date, the ALJ found that "she is not making an implied request for reopening of her prior claim."

combination, failed to raise Williams above the required threshold for disability under 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security Act. The ALJ stated that "claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms"; however, he found Williams's allegations concerning the "intensity, duration and limiting effects" of her impairments to be "not entirely credible."

The ALJ declined to give controlling weight to the opinions of Williams's three treating physicians, Drs. Williams, Talluri and Ioppolo—each of whom offered opinions supporting Williams's claimed limitations. The ALJ concluded that Williams was instead capable of performing a full range of light work.[2] Specifically, he found that Williams could lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. In making this determination, the ALJ parsed through Williams's medical record, including MRI's, consultative examinations and Williams's own complaints. The ALJ pointed to Dr. Ioppolo's discovery of disc budges and disc protrusions at L5-S1 and S1-2 with "only moderate spinal stenosis at L5-S1 and minimal spinal stenosis at S1-2." The ALJ also recounted Williams's own medical complaints and concluded that "[t]he evidence demonstrates that claimant has exacerbation of back pain which waxed and waned throughout the period of time under consideration," but that she was nonetheless ineligible for benefits.

Williams filed the instant action for judicial review under 42 U.S.C. § 405(g) in the United States District Court for the Eastern District of Louisiana

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially of these activities." 20 C.F.R. § 404.1567(b).

on August 6, 2007, alleging that the Commissioner's decision was contrary to law and not supported by substantial evidence. The Commissioner moved for summary judgment, and the magistrate judge issued a report and recommendation that he be granted summary judgment. The district court adopted the magistrate judge's report and recommendation, and granted summary judgment to the Commissioner. Williams timely appealed.

## II. STANDARD OF REVIEW

This court reviews a district court's summary judgment ruling *de novo*. *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002). In reviewing the Commissioner's determination, the court considers only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports his decision. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). The court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

## III. DISCUSSION

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)). If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. *Id*. at 448 (citing

*Lovelace*, 813 F.2d at 58). The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform. *Id.*

Here, with respect to the first step, the ALJ found that Williams had not engaged in substantial gainful activity at any time relevant to her application. With respect to the second step, the ALJ found that Williams suffers from severe impairments, *i.e.*, degenerative disc disease of the cervical and lumbar spine, carpal tunnel syndrome, and generative joint disease of the left shoulder. Because these impairments do not meet or equal, either singly or in combination, one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ determined Williams's residual functional capacity ("RFC"). He concluded that Williams could lift and/or carry 20 pounds occasionally and 10 pounds frequently; and stand, walk, or sit for six hours each in an eight-hour workday. Based on this finding, the ALJ concluded that Williams could perform a full range of "light" work and, consequently, at the fourth step, could perform her past relevant work as a cashier, security guard, and housekeeper. He accordingly found that Williams has not been under a "disability" as defined in the Social Security Act and accompanying regulations.

Williams argues that the ALJ improperly refused to give controlling weight to her treating physicians' opinions that she cannot stand for six hours in an eight-hour workday. Moreover, she contends there was no medical or other evidence supporting the ALJ's determination that she could do so. We agree.

The evidence before the ALJ consisted primarily of the treatment notes and opinions of Williams's treating physicians—Drs. Williams, Ioppolo, and Talluri. All agreed that Williams is unable to perform anything but sedentary work. The ALJ, however, refused to give their opinions controlling weight. The ALJ discounted the opinion of Dr. Williams, a neurosurgeon, on grounds that:

he saw Williams only a few times; he never recommended surgery or "other aggressive forms of therapy"; he saw her before she underwent physical therapy that "improved her symptoms"; and his ultimate conclusion on disability was a legal finding reserved for the ALJ under 20 C.F.R. § 404.1527(e).[3] The ALJ discounted the opinion of Dr. Talluri, who completed a RFC form stating that Williams could walk and stand for two hours in an eight-hour workday, only because Dr. Talluri "indicated that claimant's complaints of low back pain were 'subjective.'" Finally, the ALJ discounted the opinion of Dr. Ippolo, a neurologist who completed a RFC form with similar conclusions as Dr. Talluri, because he saw Williams only four times before she completed the purportedly helpful physical therapy.

Assuming that the ALJ was entitled to not give these physicians' opinions controlling weight, there is still *no* evidence supporting the ALJ's finding that Williams can stand or walk for six hours in an eight-hour workday.[4] In his findings, the ALJ appeared to base this RFC finding on two groups of evidence. First, the ALJ looked at the available objective medical evidence, and observed that she has "only mild to moderate stenosis" in her lumbar spine and "only posterior spurring" in her cervical spine. But there is no evidence to suggest that Williams could perform light work with these conditions. Second, the ALJ

---

[3] This regulation provides, in pertinent part, that the Commissioner will "not give any special significance to the source of an opinion on issues reserved to the Commissioner," including the "determination or decision about whether [the claimant] meet[s] the statutory definition of disability." *See* 20 C.F.R. § 404.1527(e)(1) & (e)(3).

[4] "The treating physician's opinions are not conclusive. The opinions may be assigned little or no weight when good cause is shown. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). Here, it does not appear that the ALJ determined that the treating physicians' opinions were entitled to no weight, stating only that they were not being given "controlling weight."

noted that Williams had undergone apparently successful physical therapy, restoring a significant amount of her range of motion. However, the ALJ failed to consider the physical therapy discharge summary, which stated that Williams—despite improving her range of motion in physical therapy—could still only stand for thirty minutes after completing her treatment.

This evidence did not support the ALJ's finding that Williams was able to stand or walk for six hours in an eight-hour workday. Indeed, the physical therapy discharge summary directly contradicts the ALJ's finding.[5] Thus, the ALJ impermissibly relied on his own medical opinions as to the limitations presented by "mild to moderate stenosis" and "posterior spurring" to develop his factual finding. We therefore conclude the ALJ's findings regarding Williams's RFC were not supported by substantial evidence. S*ee Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995).[6]

## IV. CONCLUSION

For these reasons, we conclude that the Commissioner's decision denying Williams's claim for benefits was not supported by substantial evidence. Therefore, the judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

[5] In passing, the ALJ noted that Dr. Talluri's first RFC opinion -- that Williams can stand for three hours, walk for three hours, and sit for six hours in an eight-hour workday -- is consistent with the ALJ's own findings. However, as even the ALJ noted, Dr. Talluri conducted this first examination on January 22, 2002, nearly one year before the alleged onset of disability. Rather than contradicting Williams's claims, this earlier RFC opinion is consistent -- when viewed in combination with her physicians' later RFC opinions -- with her alleged onset date (January 16, 2003).

[6] In *Ripley*, we held that an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions. *See Ripley,* 67 F.3d at 557.