# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 22, 2021

Lyle W. Cayce
Clerk

No. 20-10728

Luzenia S. Keel,

*Plaintiff—Appellant*,

*versus*

Andrew M. Saul, Commissioner of Social Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1006

Before Haynes, Duncan, and Engelhardt, *Circuit Judges*.
Haynes, *Circuit Judge*:

In this social security case, the district court affirmed the decision of the Social Security Commissioner to deny supplemental security income and disability insurance benefits to Appellant Luzenia Keel. On appeal, Keel argues that the Administrative Law Judge ("ALJ") failed to apply the correct severity standard regarding her impairments. For the following reasons, we AFFIRM.

No. 20-10728

## I.    Background

In 2011, Keel applied for disability insurance benefits and supplemental security income.  She alleged that she was disabled due to several physical and mental impairments, including: hypertension; injury to her back, right knee, right shoulder, and neck; arthritis; depression; diabetes; compressed nerves; and sleep apnea.

An ALJ denied Keel benefits.  After remanding Keel's case twice for further consideration, the Appeals Council ultimately denied Keel's request to review her third denial of benefits.  The final ALJ decision became the Commissioner's final administrative decision on Keel's claim.

Keel sought judicial review of the final decision to deny her benefits in federal district court.[1]  *See Luzenia K. v. Saul*, No. 3:19-CV-01006-BT, 2020 WL 2574933, at *1 (N.D. Tex. May 20, 2020).  The parties consented to have the case decided before a magistrate judge, and the magistrate judge affirmed the ALJ's final decision and dismissed the case with prejudice.  Keel timely appealed.[2]

## II.    Legal Standard

We review the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence."  *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir.

---

[1] Under 42 U.S.C. § 405(g), a claimant may seek judicial review of any final decision of the Commissioner of Social Security.  Because the ALJ's and the Commissioner's final decisions are one and the same, we refer to the final decision as that of the ALJ's in the Discussion section.

[2] Matters resolved by a consented-to magistrate judge are appealable on the same grounds as those resolved by a district judge.  28 U.S.C. § 636(c)(3).

No. 20-10728

2016) (per curiam) (quotation omitted). Evidence is substantial if "a reasonable mind would support the conclusion"; there "must be more than a scintilla, but it need not be a preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam) (quotation omitted).

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether:

> (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work.

*Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability. *Id.* If the claimant is found to be disabled or not disabled at a step, then that determination ends the inquiry. *See* 20 C.F.R. § 404.1520(a)(4).

## III.    Discussion

On appeal, Keel argues that the ALJ erred at step two of the disability analysis: assessing whether the claimant has a severe impairment.[3] *See*

---

[3] Keel also argues that the ALJ's residual functional capacity determination was not based on substantial evidence because of a *Ripley* error—that is, the ALJ independently decided, without obtaining an opinion from a medical expert, the effects of Keel's impairments on her ability to work. *See Williams v. Astrue*, 355 F. App'x 828, 832 & n.6 (5th Cir. 2009) (per curiam) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). Assuming arguendo that a *Ripley* error occurred, Keel failed to show how she was prejudiced by this error. *See Ripley*, 67 F.3d at 557 (holding that prejudice is required to reverse on a *Ripley* error). Keel argues that the ALJ should have considered a report that would have shown that she can perform only sedentary work. However, the ALJ concluded

No. 20-10728

*Garcia*, 880 F.3d at 704.  She contends that the ALJ committed a *Stone* error—that is, the ALJ used the wrong standard to assess the severity of Keel's impairment.  *See Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir. 1985).

In *Stone*, we described the threshold for a severe impairment.  Phrased in the negative, an "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."  *Id.* at 1101 (quotation omitted).  ALJs are bound not just to use this standard but also to cite it (or to an equivalent authority) in their written decisions; we presume that an ALJ applied the wrong severity standard if it does not.  *Id.* at 1106 (noting that courts must presume error "unless the correct standard is set forth by reference to [the *Stone*] opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used").  However, "[a] case will not be remanded simply because the ALJ did not use 'magic words.'"  *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).  Remand is only appropriate "where there is no indication the ALJ applied the correct standard."  *Id.*

Here, the ALJ did not mention the *Stone* standard, but it did cite Social Security Ruling ("SSR") 85-28, 1985 WL 56856 (Jan. 1, 1985), a policy statement issued to clarify the agency's process for determining non-severe

---

that Keel could return to her past relevant work as a customer service representative—the same *sedentary* job she previously held.  Keel's citation to vocational guidelines addressing the functional restrictions of sedentary work for people of advanced age does not compel a different result.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.00(e) (commenting that "[t]he presence of acquired skills that are readily transferable to a significant range of skilled work within an individual's residual functional capacity would ordinarily warrant a finding of ability to engage in substantial gainful activity *regardless of the adversity of age*" (emphasis added)).  We therefore reject Keel's residual functional capacity argument.

No. 20-10728

impairments. SSR 85-28 uses some of the same language as *Stone*, but it is not identical: SSR 85-28 considers "[a]n impairment or combination of impairments" as "not severe" if "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." 1985 WL 56856, at *3.

The district courts in this circuit are split on whether SSR 85-28 is consistent with *Stone*. *See Guzman v. Berryhill*, No. EP-17-CV-312-MAT, 2019 WL 1432482, at *5 (W.D. Tex. Mar. 29, 2019) (unpublished) (collecting cases holding that SSR 85-28 provides the same standard as *Stone* and cases holding the opposite); *see also Acosta v. Astrue*, 865 F. Supp. 2d 767, 780 & nn.13–14 (W.D. Tex. 2012) (collecting the same). Although we reaffirmed the traditional *Stone* standard in *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018), and *Garcia*, 880 F.3d at 705, we did not rule on whether SSR 85-28 comports with it. We now hold that it does.

*Stone* treats an impairment as not severe when it is of "such minimal effect" that it would not be expected to interfere with "the individual's ability to work." 752 F.2d at 1101. SSR 85-28 uses similar language focusing on "a minimal effect on an individual's ability to work." 1985 WL 56856, at *3. Though the precise wording differs, *Stone* and SSR 85-28 are not substantially different enough to warrant a finding of error.

Even if we were to conclude that the ALJ failed to properly apply the *Stone* standard, such a conclusion does not require an automatic reversal—if the ALJ proceeds past step two, we consider whether the error was harmless. *See Taylor*, 706 F.3d at 603 (applying harmless error analysis where the ALJ failed to cite *Stone* at step two but proceeded to later steps in the sequential evaluation process); *see also Snell v. Chater*, 68 F.3d 466 (5th Cir. 1995) (per

No. 20-10728

curiam) ("[T]his court has held that when the ALJ's analysis goes beyond Step Two ... specific reference to *Stone* and its requirements is not necessary.").[4]  Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err.  *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (per curiam).

Keel argues that the ALJ's alleged *Stone* error was not harmless because the ALJ failed to consider the effect of some of her non-severe impairments—depression, obesity, dizziness, forgetfulness, and the need to urinate—in *combination* with her other impairments.   Had the ALJ considered these impairments "both singly and in combination," Keel maintains, "the ALJ could have found that [Keel] had additional severe impairments at the step 2 finding," resulting in an ultimate finding of disability.[5]

We disagree.   Keel does not meaningfully address how the ALJ's application of SSR 85-28 (instead of citing *Stone*) produced a different outcome in her case.[6]  Keel thus fails to overcome the harmless error rule.

---

[4] Before January 1, 1996, unpublished opinions in this circuit are precedential.  5ᵀᴴ Cɪʀ. R. 47.5.3.

[5] Keel also contends that the ALJ failed to consider the effects of her obesity or explain how the ALJ reached its conclusions.  However, the record shows that the ALJ did consider the effects of her obesity and how it might affect her other impairments.  Significantly, the ALJ also found that Keel could return to her previous *sedentary* job.  *See Walford v. Astrue*, No. 3-09-CV-0629-BD, 2011 WL 2313012, at *5 (N.D. Tex. June 10, 2011) ("Where an ALJ fails to comply with SSR 02–1p [regarding the evaluation of obesity], courts generally find that the claimant has been prejudiced unless: (1) the ALJ limits the claimant to *sedentary work*, or (2) the record is totally devoid of medical evidence establishing any obesity-related limitations." (emphasis added)).

[6] Keel maintains that, "[h]ad the ALJ used the correct definition of the word 'severe,' [the ALJ] would have had to consider whether [Keel's] other conditions, including her depression, are severe."  The record shows that the ALJ did consider: (1) "all

6

No. 20-10728

*See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (noting that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

For the foregoing reasons, we AFFIRM.

---

[of Keel's] symptoms and the extent to which these symptoms c[ould] reasonably be accepted with the objective medical evidence"; and (2) determined that many of Keel's impairments were *not* severe.