# United States Court of Appeals for the Fifth Circuit

No. 21-10751
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2022

Lyle W. Cayce
Clerk

STEPHEN G. FINLEY,

*Plaintiff—Appellant*,

*versus*

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-49

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

The district court affirmed an Administrative Law Judge's ("ALJ's") decision denying Plaintiff-Appellant Stephen G. Finley disability benefits for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10751

a three-year period between July 1, 2005 and December 31, 2008.[1] Finley timely appealed. We affirm.

We review "a Commissioner's denial of social security disability benefits 'only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.'" *Webster v. Kijazaki*, 19 F.4th 715, 718 (5th Cir. 2021) (quoting *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021)). "Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence 'must be more than a scintilla, it need not be a preponderance.'" *Id.* (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)) (cleaned up).

The ALJ determined that, prior to the expiration of his insured status, Finley had a number of conditions defined as "severe" by the relevant regulations. The ALJ nonetheless concluded that Finley was not under a "disability," as defined by the relevant regulations, because he retained the residual functional capacity to perform light work with some restrictions, and "a significant number of jobs existed in the national economy that he could perform." These conclusions, contrary to Finley's assertions, are supported by the testimony of two vocational experts and a medical expert.

Neither can we say that the ALJ erred by assigning little weight to the opinion of Dr. George, Finley's treating physician. Dr. George's opinion was based on an MRI completed more than half a decade after Finley's insured status expired. Retrospective medical opinions are acceptable evidence, but they must be properly corroborated. *See, e.g.*, *Luckey v. Astrue*, 458 F. App'x 322, 325–26 (5th Cir. 2011) (per curiam). The ALJ did not err in concluding

---

[1] The parties consented to proceed before a magistrate judge.

No. 21-10751

that Dr. George's was not properly corroborated. We deem the remainder of Finley's contentions similarly unavailing.

AFFIRMED.