# United States Court of Appeals
# for the Fifth Circuit

No. 22-10953
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

Hannah M. Cotter,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-748

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

Appellant Hannah M. Cotter applied for social security disability benefits. An administrative law judge ("ALJ") denied Cotter's application for benefits, finding that she was not disabled. The district court affirmed. Because the ALJ's decision to deny Cotter benefits was supported by substantial evidence, we affirm.

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-10953

"We review the Commissioner's denial of social security benefits 'only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.'" *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)); *see also* 42 U.S.C. § 405(g). The standard of review under § 405(g) is "exceedingly deferential." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam). A decision is supported by substantial evidence if "credible evidentiary choices or medical findings support the decision." *Whitehead*, 820 F.3d at 779 (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance.'" *Williams v. Admin. Review Bd.*, 376 F.3d 471, 476 (5th Cir. 2004) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)).

To determine disability, the Commissioner follows a five-step[1] sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The claimant carries the burden of proof at the first four steps of the process. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The burden shifts to the Commissioner at the fifth step to present evidence of available work in the national economy. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The process terminates, however, if the Commissioner finds at any step that the claimant is, or is not, disabled. *Id.*; 20 C.F.R. §§ 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step,

---

[1] The five steps inquire whether: (1) the claimant is not presently working; (2) the claimant has a severe impairment; (3) the impairment is not listed in, or equivalent to, an impairment listed in Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* C.F.R. § 404.1520; *Hampton v. Bowen,* 785 F.2d 1308, 1311 (5th Cir.1986).

we make our determination or decision and we do not go on to the next step."); 416.920(a)(4).

Here, the ALJ properly found that Cotter was not disabled at step three of the sequential evaluation process because she did not have an impairment or combination of impairments that met or medically equaled a listing of mental health impairments, as defined by the Commissioner. The ALJ's decision in this regard was supported by medical evaluations from three doctors, the last of which reported Cotter's bipolar disorder to be in "full remission." Cotter's medical records also demonstrate that her mental health issues were well-managed through prescription medications. *See Perez*, 415 F.3d at 461 ("If the Commissioner's fact findings are supported by substantial evidence, they are conclusive."). Even if Cotter had met her burden in the first four steps of the sequential evaluation process, the ALJ also properly found at step five that Cotter retained the ability to perform work that existed in significant numbers in the national economy, as demonstrated by the unchallenged testimony of a vocational expert.

AFFIRMED.