# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10826
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2025

Lyle W. Cayce
Clerk

Amy M. Hicks,

*Plaintiff—Appellant*,

*versus*

Commissioner, *Social Security Administration*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-1530

———————————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Amy Hicks, appearing pro se, applied for and was denied disability-insurance benefits under Title II of the Social Security Act.[1] The district court affirmed. Because substantial evidence supports the Commissioner's decision finding no disability, we AFFIRM as well.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *See* 42 U.S.C. § 423 (concerning disability-insurance benefits under the Act).

No. 24-10826

## I.

Hicks is now 67 years old with work history as a dental assistant and vocational-school instructor. She applied for disability-insurance benefits, claiming she became disabled on November 9, 2016. After initial and reconsidered agency findings of no disability, Hicks requested and received a hearing before an administrative law judge (ALJ), where she appeared pro se. On January 20, 2023, the ALJ issued a decision finding Hicks was not disabled from her alleged date of onset through December 31, 2021, the last day Hicks met the Social Security Act's insured-status requirements.[2] Hicks next retained counsel and sought review from the Appeals Council, which was unsuccessful, then judicial review from the U.S. District Court for the Northern District of Texas. On July 8, 2024, the magistrate judge issued a thorough opinion and order affirming the Commissioner's decision of no disability.[3] Judgment entered the same day. Hicks, once again appearing pro se, timely appealed.

## II.

To qualify for Title II disability-insurance benefits, a claimant must prove a "disability," meaning a "medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity."[4] The Commissioner employs a

---

[2] A claimant must prove disability before "expiration of her insured status." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (citing 42 U.S.C. § 423(a), (c)).

[3] *See Amy H. v. Comm'r of Soc. Sec. Admin.*, No. 23–1530, 2024 WL 3345364, at *1 (N.D. Tex. July 8, 2024). The parties consented to proceed before a magistrate judge per 28 U.S.C. § 636. *Id.*

[4] *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002); 42 U.S.C. § 423(d)(1)(A).

2

sequential, five-step inquiry to determine whether a claimant is disabled.[5] The claimant bears the burden of proof until the last step, when the burden shifts to the Commissioner.[6]

In Hicks's case, the ALJ evaluated the record and hearing testimony to conclude: (1) Hicks had not engaged in substantial gainful activity from November 9, 2016 through December 31, 2021; (2) Hicks had severe impairments during the same period; and (3) Hicks's impairments did not meet or equal a listing in Appendix 1 through her last-insured date. The ALJ thus evaluated what Hicks could do despite her limitations—known as "residual functional capacity" (RFC)—and found Hicks could perform modified light work.[7] With that, the ALJ found (4) Hicks retained the ability to perform her past relevant work and, therefore, was not disabled during the relevant period, which ended the inquiry.[8] Hicks now questions the ALJ's RFC appraisal and the ultimate disability determination.

---

[5] *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). The inquiry considers (1) whether the claimant is "doing substantial gainful activity;" (2) whether the claimant has "a severe medically determinable physical or mental impairment" of sufficient duration; (3) if so, whether her impairment meets or equals a listing in the regulatory appendix; (4) if not, whether the claimant can perform her "past relevant work" given her "residual functional capacity" (RFC); and (5) if not, whether the claimant can adjust to other work given her RFC, age, education, and work experience. *Id.*; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1 (consisting of regulatory appendix referenced in third step); 20 C.F.R. § 404.1545(a) (explaining administrative assessment of a claimant's RFC).

[6] *Jones v. O'Malley*, 107 F.4th 489, 492 (5th Cir. 2024) (regarding burdens of proof).

[7] *Jason v. Heckler*, 767 F.2d 82, 84 (5th Cir. 1985) (per curiam) (defining residual functional capacity); 20 C.F.R. § 404.1567(b) (defining "light work").

[8] "If the claimant is found to be disabled or not disabled at a step, then that determination ends the inquiry." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)(4)).

No. 24-10826

## III.

Our review of these determinations "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence."[9] Substantial evidence means "more than a scintilla, but it need not be a preponderance."[10]

Applying this precedent, we find the record contains more than a scintilla of evidence supporting the RFC and disability determinations. To arrive at Hicks's RFC, the ALJ considered the entire record "replete with medical documents that spanned years[,]" as well as two opinions by state-agency medical consultants and Hicks's own descriptions of her symptoms and day-to-day activities.[11] The ALJ then used Hicks's RFC and testimony from a vocational expert to conclude Hicks could perform her past relevant work. This constitutes substantial evidence under the Act.

Hicks disagrees with the outcome of her claim, but offers no particular reason why we should or could question it given the deferential standard of review. She states the ALJ failed to consider the severity of her impairments, but the decision doesn't bear this out. Rather, it shows the ALJ evaluated the evidence consistent with Social Security Administration regulations and

---

[9] *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

[10] *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony*, 954 F.2d at 295); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))).

[11] *Amy H.*, 2024 WL 3345364, at *6 (quoting *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021)).

rulings;[12] Hicks offers no substantive argument otherwise. Hicks also contends the ALJ failed "to consider Primary Doctor and Specialty Physicians who examined and treated" her. The ALJ's decision belies this, too: It lists and describes the medical records and opinions reviewed, and explains which were employed to assess Hicks's RFC and why. True, the ALJ found a perfunctory letter from Hicks's primary-care physician "not persuasive" evidence of disability in light of contradictory objective medical evidence. But it was the ALJ's prerogative to resolve this conflict, especially seeing that the letter is temporally vague and lacks the sort of quantification of Hicks's abilities requisite for evaluation under Social Security program rules and regulations.[13]

At its core, therefore, Hicks's appeal asks us to reweigh the evidence to arrive at a favorable decision, which is something we cannot do.[14] We've instead considered the record, the briefs, and the decisions in light of the standard of review that binds us, and find no reversible error. AFFIRMED.

---

[12] *See*, *e.g.*, 20 C.F.R. §§ 404.1529 ("How we evaluate symptoms, including pain"); 416.929 (same); SSR 16–3p, 82 Fed. Reg. 49462, 49464–68 (Oct. 25, 2017) (same).

[13] *Anthony*, 954 F.2d at 295. The ALJ was required to evaluate opinion evidence in accordance with 20 C.F.R. §§ 404.1520c(c) and 416.920c(c), which address evaluation of medical opinions for claims filed on or after March 27, 2017. Hicks does not identify how the ALJ deviated from these regulations and none is apparent from the record. *See also Williams v. Kijakazi*, 23-30035, 2023 WL 5769415, *3 (5th Cir. Sept. 6, 2023) (per curiam) (describing post-March 2017 regulations: "Said simply, under the new regulatory scheme, consistency and supportability are 'the most important factors' considered." (quoting 20 C.F.R. § 404.1520c(b))).

[14] *Masterson*, 309 F.3d at 272 ("We will not re-weigh the evidence, try the questions *de novo*, or substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision.").