# United States Court of Appeals for the Fifth Circuit

---

No. 25-40630
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2026

Lyle W. Cayce
Clerk

DAVID MURILLO,

*Plaintiff—Appellant*,

*versus*

FRANK BISIGNANO, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:24-CV-123

---

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant David Murillo sued the Commissioner of the Social Security Administration (the "Commissioner") after his application for disability benefits was denied. Adopting the report and recommendation of the magistrate judge, the district court determined that Murillo was not disabled under the Social Security Act, 42 U.S.C. § 423(d). We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40630

## I.

Murillo is a veteran, and, in 2018, the Department of Veterans Affairs ("VA") gave him a 100% disability rating. Between June 2006 and September 2022, Murillo worked full time as a prison security officer. In 2022, the VA treated Murillo for several physical ailments after he complained of pain in his feet, back, and joints.

Meanwhile, on October 20, 2022, Murillo applied for Social Security Disability Insurance benefits under Title II of the Social Security Act. 42 U.S.C. § 423(d). The Commissioner initially denied Murillo's claim on May 31, 2023, and subsequently denied his claim upon reconsideration on August 28, 2023. On January 23, 2024, Murillo appeared pro se before an Administrative Law Judge ("ALJ") to challenge the denial of his claim. The ALJ held that Murillo was not disabled under the Social Security Act. 42 U.S.C. § 423(d). Murillo requested a review of the ALJ decision, but the Appeals Council denied Murillo's request and finalized the ALJ's decision on June 20, 2024.

On August 19, 2024, Murillo filed a complaint in the district court, seeking to overturn the Commissioner's denial of disability benefits. On July 21, 2025 the magistrate judge recommended affirming the ALJ's ruling, explaining that the ALJ relied on "substantial record evidence" before correctly determining that Murillo could "find[] jobs in the current economy."[1] *See* 42 U.S.C. § 423(d). The district court adopted the magistrate judge's report and recommendation, and Murillo appealed.

---

[1] The district court determined that Murillo did not object to the magistrate judge's report and recommendation.

No. 25-40630

## II.

The district court had jurisdiction under 42 U.S.C. § 405(g). As an appeal from a final judgment, this court has jurisdiction under 28 U.S.C. § 1291. "We review the Commissioner's denial of social security benefits 'only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.'" *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam)).

Murillo has failed to preserve any arguments on appeal. "Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (per curiam) (citation omitted); *see also Morris v. Livingston*, 739 F.3d 740, 752 (5th Cir. 2014). Here, Murillo's brief consists of bare assertions bereft of evidentiary support. Accordingly, we hold that Murillo has abandoned his claims.

## III.

For the foregoing reasons, we AFFIRM the district court's judgment in full.